**Tyrone HALL, Appellant,**

**v.**

**Robert R. TREON, et al., Appellees.**

**No. 09–00–216 CV.**

Court of Appeals of Texas, Beaumont.

Submitted March 9, 2001.

Decided March 29, 2001.

Tyrone Hall, Iowa Park, for appellant.

John Cornyn–Attorney General of Texas, Austin, for state.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

WALKER, Chief Justice.

Tyrone Hall, an inmate confined in the Texas Department of Criminal Justice, Institutional Division, sued Robert R. Treon, Bruce Zeller, Loyd Massey, James Jones, Kathryn A. Bell, Billie J. Reese, Ronald M. Bush, Patrick A. Dickens, Kevin Folson, Clarence L. Nelson, James Ludwig, Martin A. Williams, Cedric Lee, Robin L. Hughes, Kenneth P. Dunn, Cecile M. Price, Connie Folson, Kris Overstreet, Mark W. Tomblin, Roger Kunkle, and Richard McKee, all of whom were employees of the Department. Hall alleged the defendants violated his constitutional rights under color of law on various occasions between February 12, 1998, and December 9, 1998. Hall's petition included allegations of verbal and physical mistreatment, failure to supervise guards, interference with his legal research, insufficient medical treatment, fear of prison violence, and nepotism. Hall sought actual and exemplary damages and injunctive relief. All of the defendants filed a motion to dismiss Hall's petition for failure to comply with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code. The trial court dismissed the suit.

■ Hall claims the trial judge was disqualified and should have recused himself. A judge must disqualify himself in any proceeding in which he served as a lawyer in the matter in controversy, or if he has an interest in the subject matter in controversy, or if he is related to any of the parties. Tex.R.Civ.P. 18b. None of the disqualifying circumstances appear in the record. Nor does it appear that Hall filed a motion to recuse prior to the trial court's ruling on the appellees' motion to dismiss. By failing to follow the procedure for securing recusal, Hall waived his right to complain of a judge's failure to recuse himself. See Tex.R.Civ.P. 18a; *Gill v. Texas Dep't of Criminal Justice, Institutional Div.*, 3 S.W.3d 576, 579 (Tex.App.—Houston [1st Dist.] 1999, no pet.).

■ On appeal, Hall argues his petition was not facially frivolous. The appellees' motion to dismiss identified three deficiencies in Hall's petition which, they argued, justified dismissal: 1) failure to file an affidavit relating to previous filings; 2) failure to file an affidavit relating to exhaustion of administrative remedies; and 3) failure to file a certified copy of the inmate's trust account statement. Hall does not challenge any of these three stated grounds on appeal. It appears Hall made some effort to demonstrate to the court that he had met the latter two requirements. Copies of several denied Step 1 grievances were filed with the petition, and Hall filed a blank trust account statement with his notice of appeal. Hall made no attempt to identify the suits he had previously filed. An inmate who files an affidavit or unsworn declaration of inability to pay costs shall file a separate affidavit or declaration: 1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and 2) describing each suit that was previously brought by: A) stating

the operative facts for which relief was sought; B) listing the case name, cause number and the court in which the suit was brought; C) identifying each party named in the suit; and D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under section 13.001 or section 14.003 or otherwise. TEX.CIV.PRAC. & REM.CODE ANN. § 14.004 (Vernon Supp.2001). When an inmate does not comply with the affidavit requirements of Section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex.App.—Waco 1996, no writ); *accord Jackson v. Texas Dep't of Criminal Justice–Institutional Div.*, 28 S.W.3d 811, 814 (Tex.App.—Corpus Christi 2000, pet. denied); *Clark v. Unit*, 23 S.W.3d 420, 422 (Tex.App.—Houston [1st Dist.] 2000, pet. denied); *Samuels v. Strain*, 11 S.W.3d 404, 406 (Tex.App.—Houston [1st Dist.] 2000, no pet.); *Bell v. Texas Dep't of Criminal Justice–Institutional Div.*, 962 S.W.2d 156, 158 (Tex.App.—Houston [14th Dist.] 1998, pet. denied); *Thomas v. Wichita Gen. Hosp.*, 952 S.W.2d 936, 939 (Tex. App.—Fort Worth 1997, pet. denied). Because Hall did not comply with the mandatory requirements of section 14.004(a), the trial court could have properly assumed Hall had previously filed substantially similar suits and, that his suit was, therefore, frivolous. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 14.003(a)(2), (b)(4) (Vernon Supp. 2001).

■ Hall contends that the trial court erred in dismissing his claims without first conducting an evidentiary hearing. The trial court may, in its discretion, conduct a hearing to determine whether the inmate's suit is frivolous. TEX.CIV.PRAC. & REM.CODE ANN. § 14.003(c) (Vernon Supp.2001). No abuse of discretion is shown, where the inmate does not demonstrate that there is evidence he would have presented had a hearing been held. *Thomas v. Wichita Gen. Hosp.*, 952 S.W.2d at 938.

■ Hall contends the trial court erred in not appointing free counsel to represent Hall in his suit. A district judge may appoint counsel for an indigent party in a civil case. TEX.GOV'T CODE ANN. § 24.016 (Vernon 1988). As was the case in *Coleman v. Lynaugh*, 934 S.W.2d 837, 839 (Tex.App.—Houston [1st Dist.] 1996, no writ), Hall neither demonstrates why the public and private interests at stake in his case are so exceptional that the administration of justice may best be served by appointing a lawyer to represent him, nor does he cite the pages of the record where he asked for counsel and the judge denied the request. *See* TEX.R .APP.P. 33.1. We find no abuse of discretion in failing to appoint counsel to represent Hall in his civil suit at public expense.

■ Since Hall does not challenge one of the bases raised in the appellees' motion to dismiss, namely his failure to comply with the procedural prerequisites imposed upon inmates pursuing litigation *in forma pauperis*, the trial court's judgment must be upheld regardless of the remaining issues raised in the appellant's brief. We find no abuse of discretion by the trial court in dismissing Hall's suit under Chapter 14 of the Texas Civil Practice and Remedies Code. Accordingly, the issues raised in Hall's brief are overruled. The judgment is affirmed.

AFFIRMED.