In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-336 CV


____________________



HORACE JEFFERY, Appellant



V.



BURKHALTER AND HOWELL, Appellees






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. 18826






OPINION


 Horace Jeffery, an inmate confined in the Texas Department of Criminal Justice,
Institutional Division, sued persons identified only as "Burkhalter" and "Howell" for
losing his personal property while he was in solitary confinement. Before service of
process, the trial court dismissed Jeffery's petition for failure to comply with the
requirements of Chapter 14.004 of the Texas Civil Practice and Remedies Code. 

 Jeffery does not challenge the trial court's ruling that the petition failed to comply
with the procedural prerequisites imposed upon inmates pursuing litigation in forma
pauperis. The trial court's judgment must be upheld on that unchallenged basis regardless
of the issues raised in the appellant's brief. (1) Hall v. Treon, 39 S.W.3d 722, 724 (Tex.
App.--Beaumont 2001, no pet.).

 Furthermore, the trial court's ruling is supported by the record. An inmate who
files a pro se suit as an indigent must file a separate affidavit identifying every pro se non-Family Code suit he has previously filed, and describe each suit by: 1) stating the operative
facts for which relief was sought; 2) listing the case name, cause number, and the court
in which the suit was brought; 3) identifying each party named in the suit; and 4) stating
the result of the suit, including whether the suit was dismissed as frivolous or malicious
under Section 13.001 or Section 14.003 or otherwise. Tex. Civ. Prac. & Rem. Code
Ann. § 14.004(a) (Vernon Supp. 2001). If the previous suit was dismissed as frivolous
or malicious, then the affidavit must also include the date of the final order affirming the
dismissal. Tex. Civ. Prac. & Rem. Code Ann. § 14.004(b) (Vernon Supp. 2001). When
an inmate does not comply with Section 14.004, the trial court is entitled to assume the suit
is frivolous. Samuels v. Strain, 11 S.W.3d 404, 406-07 (Tex. App.--Houston [1st Dist.]
2000, no pet.). Jeffrey's petition listed the style and docket number of five previously
filed suits and the names Burkhalter and Howell do not appear in those case styles. 
However, none of the operative facts for any of the suits are stated in the petition, nor are
the parties identified by name, nor are the results stated for any of the suits. Although the
docket numbers, if accurate, suggest different claims, the information on Jeffery's previous
filings is not provided in the form of an affidavit or inmate's unsworn declaration made
under penalty of perjury. See Tex. Civ. Prac. & Rem. Code Ann. § 132.003 (Vernon
Supp. 1997). 

 Because Jeffery did not comply with the mandatory requirements of Section
14.004(a), the trial court was within its discretion in finding Jeffery's suit to be frivolous. 
Hall v. Treon, 39 S.W.3d at 724; White v. State, 37 S.W.3d 562, 565 (Tex. App.--Beaumont 2001, no pet.). We find no abuse of discretion by the trial court in dismissing
Jeffery's suit under Chapter 14 of the Texas Civil Practice and Remedies Code. 
Accordingly, the issues raised in Jeffery's brief are overruled. The judgment is affirmed.



 AFFIRMED. 

 PER CURIAM


Submitted on November 14, 2001

Opinion Delivered December 6, 2001

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.
1. On appeal, Jeffery relies on Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68
L.Ed.2d 420 (1981), as authority for maintaining his suit. However, we note that in
Daniels v. Williams, 474 U.S. 327, 328 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), the
Supreme Court concluded that a negligent act of an official that causes an unintended loss
of, or injury to, life, liberty, or property does not implicate the due process clause for
purposes of stating a Section 1983 claim, and overruled Parratt v. Taylor on that ground.