11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Ray Warmsley 

Appellant

Vs.                   No.  11-02-00075-CV C Appeal from Taylor County

Janie Cockrell
et al

Appellees

 

Ray
Warmsley appeals from the trial court=s
order dismissing his cause of action. 
On November 7, 2001, appellant, an inmate in the French Robertson Unit
of the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID),  filed a class action suit against Janie
Cockrell, Director of the TDCJ-ID, and James Duke, Warden of the French
Robertson Unit, for allegedly violating his constitutional right to visitation
with family and friends and denying him hot meals, showers, and recreation
during prison Alockdowns.@  Appellant sought a declaratory judgment that the appellees= acts and omissions
violated the United States and Texas Constitutions.  Appellant also sought permanent injunctions prohibiting the
appellees from violating the United States and Texas Constitutions and from
punishing inmates for incidents in which they are not involved and prohibiting
Duke from serving in his position as Warden of the French Robertson Unit.   On February 8, 2002, upon the appellees= motion, the trial court
found the cause of action to be frivolous and dismissed the cause with
prejudice.   We affirm.

Appellant
brings four issues on appeal, arguing that the trial court erred in dismissing
his class action lawsuit.  Appellant
contends that the trial court should have held a fact-finding hearing and that
the dismissal denies him access to the courts. 
Appellant also complains that the trial court=s dismissal denied him, his family, and
friends the right to visitation under the United States and Texas
Constitutions.  








Chapter
14 of the Texas Civil Practice and Remedies Code governs suits brought by an
inmate who files an affidavit or unsworn declaration of inability to pay costs,
except for suits  brought under the
Family Code.  TEX. CIV. PRAC. & REM.
CODE ANN. ' 14.002
(Vernon Supp. 2002).  The trial court
has broad discretion to dismiss a lawsuit brought under Chapter 14 as frivolous
or malicious.  TEX. CIV. PRAC. &
REM. CODE ANN. '
14.003(a)(2) (Vernon Supp. 2002);  
Jackson v. Texas Department of Criminal Justice‑‑Institutional
Division, 28 S.W.3d 811, 813 (Tex.App. - Corpus Christi 2000, pet=n den=d); Lentworth v. Trahan,
981 S.W.2d 720, 722 (Tex.App. - Houston [1st Dist.] 1998, no pet=n).  In determining whether a claim is frivolous
or malicious, the trial court may consider whether: 

(1) the claim's
realistic chance of ultimate success is slight;  

(2) the claim has
no arguable basis in law or in fact;  

(3) it is clear
that the party cannot prove facts in support of the claim; or 

(4) the claim is
substantially similar to a previous claim filed by the inmate because the claim
arises from the same operative facts.  

 

TEX. CIV. PRAC.
& REM. CODE ANN. '
14.003(b) (Vernon Supp. 2002). When reviewing a dismissal under Chapter 14, the
standard of review on appeal is for abuse of discretion.   Hickson v. Moya, 926 S.W.2d 397, 398
(Tex.App. - Waco 1996, no writ).  Abuse
of discretion is determined by whether the trial court acted without reference
to any guiding principles.  Hickson v.
State, supra.     The trial court may, in its discretion, conduct a hearing to
determine whether the inmate's suit is frivolous.   TEX. CIV. PRAC. & REM. CODE ANN. ' 14.003(c) (Vernon Supp. 2002).  Appellant has not shown that he would have
presented evidence had a hearing been held; therefore, the trial court did not
abuse its discretion by dismissing appellant=s
cause of action without conducting a hearing. 
Hall v. Treon, 39 S.W.3d 722 (Tex.App. - Beaumont 2001, no pet=n).  The trial court=s order states that the trial court considered
all of the pleadings filed by the parties and determined that the cause was
frivolous.  Appellant has not shown that
the trial court abused its discretion. 
We have considered all of appellant=s
issues on appeal, and we overrule all of appellant=s arguments on appeal.  

The
judgment of the trial court is affirmed.

 

PER CURIAM

August 15, 2002

Do not
publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J.,
and

Wright, J., and McCall, J.