11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Ray
Warmsley

Appellant

Vs.      
            No. 11-02-00153-CV --  Appeal from Taylor
County

Mac A. Stringfellow et al

Appellees

 

Ray
Warmsley appeals from the trial court=s order dismissing his cause of action.   On January 17, 2002, appellant, an inmate in the French
Robertson Unit of the Texas Department of Criminal Justice - Institutional
Division (TDCJ-ID), filed a class action suit against Mac A. Stringfellow,
Chairman of the Texas Board of Criminal Justice; Janie Cockrell, Director of
the TDCJ-ID; James Duke, Warden of the French Robertson Unit; and Captain J.
Pechacel of the French Robertson Unit for allegedly violating his
constitutional rights.  Appellant
asserted that appellees had implemented AAntebellum Southern Plantation 
rules and regulations@ in the Texas prison system. 
Appellant essentially attacked the racial composition of the prison
system=s administration.  Appellant contends that this Asystem@ has caused him and other offenders to suffer
Aunconstitutional infliction of psychological
pain@ from hollering, harassment, and
intimidation.  

Appellant
sought a declaratory judgment that appellees= acts and omissions violated the United States and Texas Constitutions.  He also sought permanent injunctions
prohibiting appellees from violating his and other inmates= constitutional rights and prohibiting Duke
from serving in his position as Warden of the French Robertson Unit.   Appellant also sought damages in the amount
of $750,000.  On April 17, 2002, upon
the appellees= motion, the trial court found the cause of
action to be frivolous and dismissed the cause with prejudice.  We affirm.








Appellant
brings 7 issues on appeal arguing that the trial court erred in dismissing his
class action lawsuit.  Chapter 14 of the
Texas Civil Practice and Remedies Code governs suits brought by an inmate who
files an affidavit or unsworn declaration of inability to pay costs, except for
suits brought under the Family Code. 
TEX. CIV. PRAC. & REM. CODE ANN. ' 14.002 (Vernon Supp. 2002). 
The trial court has broad discretion to dismiss a lawsuit brought under
Chapter 14 as frivolous or malicious. 
TEX. CIV. PRAC. & REM. CODE ANN. ' 14.003(a)(2) (Vernon Supp. 2002);  
Jackson v. Texas Department of Criminal Justice‑‑Institutional
Division, 28 S.W.3d 811, 813 (Tex.App. - Corpus Christi 2000, pet=n den=d); Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex.App. - Houston [1st
Dist.] 1998, no pet=n).  In determining whether a claim is frivolous
or malicious, the trial court may consider whether: 

(1) the claim's realistic chance of ultimate
success is slight;  

(2) the claim has no arguable basis in law or
in fact;  

(3) it is clear that the party cannot prove
facts in support of the claim; or 

(4) the claim is substantially similar to a
previous claim filed by the inmate because the claim arises from the same
operative facts.  

 

TEX. CIV. PRAC. &
REM. CODE ANN. ' 14.003(b) (Vernon Supp. 2002). When
reviewing a dismissal under Chapter 14, the standard of review on appeal is for
abuse of discretion.   Hickson v. Moya,
926 S.W.2d 397, 398 (Tex.App. - Waco 1996, no writ).  Abuse of discretion is determined by whether the trial court
acted without reference to any guiding principles.  Hickson v. Moya, supra.            The trial court may, in its
discretion, conduct a hearing to determine whether the inmate's suit is
frivolous.  TEX. CIV. PRAC. & REM.
CODE ANN. ' 14.003(c) (Vernon Supp. 2002).  Appellant has not shown that he would have
presented evidence had a hearing been held; therefore, the trial court did not
abuse its discretion by dismissing appellant=s cause of action without conducting a hearing.  Hall v. Treon, 39 S.W.3d 722 (Tex.App. -
Beaumont 2001, no pet=n).  The trial court=s order states that the trial court
considered all of the pleadings filed by the parties and determined that the
cause was frivolous.  Appellant has not
shown that the trial court abused its discretion.  We have considered all of appellant=s issues on appeal, and we overrule all of appellant=s arguments on appeal.  

The
judgment of the trial court is affirmed.

 

PER
CURIAM

October 31, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.