COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-335-CV

   
MICHAEL 
MALONE                                                                APPELLANT
 
V.
 
FRED 
MOORE, KAREN HARRIS,                                                APPELLEES
AND WILLIAM 
SCHUFORD
 
------------
 
FROM 
THE 17TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Michael Malone complains from the trial court’s order dismissing his 
defamation claims against Appellees Fred Moore, Karen Harris, and William 
Schuford pursuant to Chapter 14 of the civil practice and remedies code.[2]  Because we hold that the trial court did not abuse 
its discretion, we affirm the trial court’s dismissal order.
        In 
his second issue, Appellant contends that the trial court erred in granting 
Appellees’ summary judgment as a matter of law. The trial court dismissed the 
case; it did not enter a summary judgment. We therefore overrule Appellant’s 
second issue.
        In 
his third issue, Appellant contends that the trial court abused its discretion 
by refusing to allow him to appear at the hearing. We have no reporter’s 
record, and the order does not recite that a hearing took place. The trial court 
is not required to hold a hearing before dismissing a suit governed by Chapter 
14.[3]  Further, Appellant indicates in his 
brief that he wanted to appear because he wanted to present reasoning and 
authorities to the court regarding why summary judgment should not be granted 
based on Chapter 14. He filed a response to Appellees’ motion, and summary 
judgment was not granted; the case was dismissed. Because Appellant was not 
entitled to a hearing and because the trial court’s decision could have 
properly been made solely on the record before it, we hold that the trial court 
did not abuse its discretion in failing to grant Appellant’s motion for bench 
warrant or telephone conference. We overrule Appellant’s third issue.
        In 
his first issue, Appellant contends that the trial court abused its discretion 
in dismissing the case because he corrected the procedural deficiencies in his 
original petition by submitting the required documents before the trial court 
signed the order. Appellees’ motion to dismiss, which was presented 
alternatively in the same document as their motion for summary judgment, 
included two grounds: the failure to file an affidavit under section 
14.004(a) and the filing of a frivolous claim based on the expiration of the 
statute of limitations. [4]  Appellant does 
not challenge the ground that his claim is frivolous based on the expiration of 
the statute of limitations. We therefore uphold the trial court’s dismissal 
order on this ground.[5]  Consequently, we 
overrule Appellant’s first issue.
       Having 
overruled Appellant’s issues, we affirm the trial court’s dismissal order.

  
                                                                  PER 
CURIAM
   

PANEL F:   DAUPHINOT, 
LIVINGSTON, and MCCOY, JJ.
DELIVERED: 
February 26, 2004


NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
See Tex. Civ. 
Prac. & Rem. Code Ann. §§ 14.001–.014 (Vernon 2002).
3. 
Id. § 14.003(c) (providing that trial court may hold hearing in 
determining whether to dismiss claim).
4. 
See id. § 16.002(a).
5. 
See Hall v. Treon, 39 S.W.3d 722, 724 (Tex. App.—Beaumont 2001, no 
pet.); see also Nobility Homes, Inc. v. Shivers, 557 S.W.2d 77, 83 (Tex. 
1977) (holding judgment must be affirmed if appellant does not challenge each 
separate and independent ground of recovery); Scott v. Galusha, 890 
S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied) (holding summary 
judgment will be affirmed on unchallenged ground).