Michael Malone v. Fred Moore, Karen Harris, and William Schuford

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-335-CV

MICHAEL MALONE APPELLANT

V.

FRED MOORE, KAREN HARRIS, APPELLEES

AND WILLIAM SCHUFORD

------------

FROM THE 17
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Michael Malone complains from the trial court’s order dismissing his defamation claims against Appellees Fred Moore, Karen Harris, and William Schuford pursuant to Chapter 14 of the civil practice and remedies code.
(footnote: 2)  Because we hold that the trial court did not abuse its discretion, we affirm the trial court’s dismissal order.

In his second issue, Appellant contends that the trial court erred in granting Appellees’ summary judgment as a matter of law.  The trial court dismissed the case; it did not enter a summary judgment.  We therefore overrule Appellant’s second issue.

In his third issue, Appellant contends that the trial court abused its discretion by refusing to allow him to appear at the hearing.  We have no reporter’s record, and the order does not recite that a hearing took place.  The trial court is not required to hold a hearing before dismissing a suit governed by Chapter 14.
(footnote: 3)  Further, Appellant indicates in his brief that he wanted to appear because he wanted to present reasoning and authorities to the court regarding why summary judgment should not be granted based on Chapter 14.  He filed a response to Appellees’ motion, and summary judgment was not granted; the case was dismissed.  Because Appellant was not entitled to a hearing and because the trial court’s decision could have properly been made solely on the record before it, we hold that the trial court did not abuse its discretion in failing to grant Appellant’s motion for bench warrant or telephone conference.  We overrule Appellant’s third issue.

In his first issue, Appellant contends that the trial court abused its discretion in dismissing the case because he corrected the procedural deficiencies in his original petition by submitting the required documents before the trial court signed the order.  Appellees’ motion to dismiss, which was presented alternatively in the same document as their motion for summary judgment, included 
two
 grounds:  the failure to file an affidavit under section 14.004(a) and the filing of a frivolous claim based on the expiration of the statute of limitations.
(footnote: 4)  Appellant does not challenge the ground that his claim is frivolous based on the expiration of the statute of limitations.  We therefore uphold the trial court’s dismissal order on this ground.
(footnote: 5)  Consequently, we overrule Appellant’s first issue.

Having overruled Appellant’s issues, we affirm the trial court’s dismissal order.

PER CURIAM

PANEL F: DAUPHINOT, LIVINGSTON, and MCCOY, JJ.

DELIVERED:  February 26, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 §§ 14.001–.014 (Vernon 2002).

3:
Id
. § 14.003(c) (providing that trial court 
may
 hold hearing in determining whether to dismiss claim).

4:
See id. 
§ 16.002(a).

5:
See Hall v. Treon
, 39 S.W.3d 722, 724 (Tex. App.—Beaumont 2001, no pet.); 
see also Nobility Homes, Inc. v. Shivers
, 557 S.W.2d 77, 83 (Tex. 1977) (holding judgment must be affirmed if appellant does not challenge each separate and independent ground of recovery);
 Scott v. Galusha
, 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied) (holding summary judgment will be affirmed on unchallenged ground).