In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-490 CV


____________________



ANTHONY LEON SUMMERS, Appellant



V.



THE STATE OF TEXAS, ET AL., Appellees


 




On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. E-179,708 






MEMORANDUM OPINION



 Anthony Leon Summers sued the State of Texas, Greg Abbott, Nathaniel Quarterman,
Joseph Smith, Wesley E. Freeman, Debra M. Harrell, Debra McHenry, William Kountz,
Kenneth Allen, William J. Pittman, Dennis E. Hall, Rodney Johnson, Anita R. Breaux,
Patrica Wilson, Robert P. Lee, Karen L. Dennis, Julia A. Mitchell, David L. Jeffcoat, Kenny
W. Kelley, Jerry L. Bordelan, Michael D. Dees, Leroy Dennis, Jr., and, last but not least,
Karene Russell, Jr. Summers is an inmate housed in the Mark Stiles Unit of the Texas
Department of Criminal Justice, Correctional Institutions Division; with the exception of the
State of Texas and Attorney General Abbott, the remaining defendants are identified as
officials or employees of the Department. The trial court dismissed the suit as frivolous and
ordered that Summers take nothing. Summers appealed but did not file a formal brief. (1) We
affirm the trial court's judgment.

 The primary thrust of Summers's petition alleges that an inmate named Bowie was
murdered in April 2007 and that unidentified Department employees were somehow either
responsible for Bowie's death or negligent in the ensuing investigation. Summers also
alleged he, Summers, had been falsely disciplined. He also alleged "I have been assaulted
and all legal 'by fire hore' two times out of retaliation of this inmate and his diseasy's" and
that he was denied medical care by Kenneth Allen in an incident addressed in a disciplinary
hearing. Finally, Summers alleged that Attorney General Abbott told a friend of Summers
that the friend could not help Summers.

 The trial court could dismiss Summers's suit without first allowing discovery or
conducting a hearing. See Presiado v. Sheffield, 230 S.W.3d 272, 274 (Tex. App.--Beaumont
2007, no pet.); see also Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c), (d) (Vernon 2002)
(authorizing dismissal before or after service of process and requiring suspension of
discovery upon motion). In his petition, Summers suggested he was unable to obtain access
to documents for his affidavit of previous filings, but he failed to state why he could not
recall and identify the parties, operative facts, and results of those suits without first being
provided with access to publicly filed documents.

 Summers made some attempt to comply with Chapter 14 of the Civil Practice and
Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014 (Vernon 2002). 
He filed a trust account statement and identified more than 50 suits he had previously filed
in state and federal courts. In determining whether a claim is frivolous, the trial court may
consider whether "the claim is substantially similar to a previous claim filed by the inmate
because the claim arises from the same operative facts." Tex. Civ. Prac. & Rem. Code
Ann. § 14.003(b)(4). If "an inmate does not comply with the affidavit requirements of
Section 14.004, the trial court is entitled to assume the suit is substantially similar to one
previously filed by the inmate, and therefore, frivolous." Hall v. Treon, 39 S.W.3d 722, 724
(Tex. App.--Beaumont 2001, no pet.). Summers failed to identify the parties to those suits,
the subject matter or operative facts of the suits, or the ultimate disposition of each case.
Although some of the suits were filed before the events identified by date in Summers's
petition, others were recent enough to have concerned the events in this suit, and those events
for which Summers did not provide a date could have been the subject of any of the previous
lawsuits. Thus, the trial court could have determined that Summers's claims were frivolous. 
Id.

 Some of Summers's claims were evidently subject to the grievance system, because
Summers alleged grievances had been filed. As to those claims, he failed to attach a copy
of the grievance system decision. See Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a). The
trial court could have determined those claims were frivolous. See Tex. Civ. Prac. & Rem.
Code Ann. § 14.003(b).

 The principal allegation contained in the petition concerns personal injuries to
someone other than Summers. Summers would have no standing to assert such claims. See
Williams v. Lara, 52 S.W.3d 171, 178 (Tex. 2001) ("As a general rule of Texas law, to have
standing, unless it is conferred by statute, a plaintiff must demonstrate that he or she
possesses an interest in a conflict distinct from that of the general public, such that the
defendant's actions have caused the plaintiff some particular injury.").

 None of the documents or communications filed with the trial court or on appeal can
be construed as complaining that the trial court ordered that Summers take nothing, as
opposed to ordering that the case be dismissed without prejudice. Normally, a dismissal
under Chapter 14 is without prejudice. Hickman v. Adams, 35 S.W.3d 120, 124 (Tex. App.--Houston [14th Dist.] 2000, no pet.). A dismissal with prejudice is proper if the defects could
not be remedied by repleading the case. See Harris County v. Sykes, 136 S.W.3d 635, 639
(Tex. 2004). The dismissal in this case does not appear to be a ministerial error, as the trial
court expressly stated that Summers shall take nothing by his lawsuit. In the absence of an
assignment of error, we decline to address the issue. The judgment is affirmed.

 AFFIRMED.



 _____________________________

 STEVE McKEITHEN

 Chief Justice



Submitted on May 28, 2008

Opinion Delivered June 26, 2008


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Summers did file a document titled "Brief in Support of Appeal" before the clerk's
record was filed. The document appears to function as an attempt to supplement the record
with grievance forms. He did not ask this Court to consider this document as his brief on
appeal. Although we warned Summers that no brief had been filed and that the appeal could
be dismissed for want of prosecution, in the interest of justice we address the matters
mentioned in the "Brief in Support of Appeal" in this Opinion.