NO. 07-11-0195-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 19, 2012

_____

LUIS S. LAGAITE, JR.,

Appellant

v.

STEVEN K. MCCOY, ET AL.,

Appellees

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 99,500-E; HON. DOUGLAS R. WOODBURN, PRESIDING

_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Luis S. Lagaite, Jr. (Lagaite) appeals the dismissal of his lawsuit against Steven K. McCoy and other prison employees or officials and an order finding him to be a vexatious litigant. Through four issues, Lagaite contends that the trial court erred by 1) refusing to amend its judgment and order that the cause be transferred to another court and 2) dismissing his suit as frivolous and doing so without a hearing. We affirm.

### Background

Lagaite, an inmate and pauper, sued various employees of the prison in which he was housed for purported retaliation and discrimination. The trial court dismissed the suit with prejudice after concluding that it was "frivolous, or malicious as described by Chapter Fourteen of the Civil Practices & Remedies Code." Thereafter, Lagaite filed a motion entitled "Plaintiffs Strong Objection to the Court's Bias and Prejudicial Order and Dismissal Hereby Motion of Amend Such Order." The relief sought consisted of amending the order of dismissal with prejudice and substituting in its stead an order transferring the cause from the 108th Judicial District Court to the 251st Judicial District Court of Potter County. He believed that suit should have been filed in the 251st because there pended another civil action he initiated (Cause No. 97601-C) involving similar complaints against prison employees. No action was taken by the trial court to alter its final decree.

### Issues

We first address the allegation that the trial court abused its discretion by failing to transfer the proceeding. To the extent that Lagaite insists that the suit was nothing more than an effort to amend his original petition in 97601-C and was erroneously filed as a separate suit, we note the following. First, it was not labeled an amended petition, as required by rule 64 of the Texas Rules of Civil Procedure. Instead, he titled it "*Petition for Writ of Mandamus Plaintiffs [sic] Original Petition* For Retaliation, Racism, Harrasment [sic] Conspiracy, with Malice, and Request for the Enforcement of the Administrative Procedure Act and American Correction Association (A.C.A.)." (Emphasis added). Second, he left a blank in the style of the cause for the district clerk

2

to insert a cause number despite knowing the cause number of the suit pending in the 251ˢᵗ Judicial District. Similarly, the particular judicial district in which the suit was to be filed was also left blank. Again, he knew the judicial district in which his prior suit was filed. Fourth, his cause of action here involved purported misconduct transpiring after he filed 97601-C. Fifth, in his letter to the clerk asking her to file the pleading, he again called the document a "true original" petition and asked her to "serve and process" it upon the defendants. Sixth, 97601-C was listed as a separate suit in his "Affidavit in Support of Previous Lawsuits" attached to his pleading. If the current action was meant to be part of a prior suit, there would be no reason to mention the prior suit in his list. Simply put, each of these indicia indicate that the proceeding before us was intended to be treated as independent of 97601-C. So, we reject the notion that it was nothing more than an attempt to amend a pleading in another suit.

As for the suggestion that the trial court erred in failing to *sua sponte* transfer this cause to the 251ˢᵗ Judicial District, we note that suits may be transferred from one district court to another in the same county. TEX. GOV. CODE ANN. §74.121(a) (West Supp. 2012). However, the judge of the court receiving the transfer must agree to it. *Id.* Lagaite cites us to nothing of record indicating that the judge of the 251ˢᵗ agreed to what he asked. Nor did our own review of the record disclose such. Thus, we cannot say he was entitled to a transfer.

As for the allegation that the trial court erred in dismissing his petition, Lagaite does not explain why his complaints were not frivolous or malicious. Instead, he simply concludes that it is wrong not to expect the government to follow "appropriate procedures" when it decides to "deprive any persons of liberty, life, or property."

3

Nowhere does he describe the property or liberty interest affected or why any purported property or liberty interest he contemplated as having was a lawfully recognized interest. So, without him explaining why the trial court erred, we cannot say that he carried his appellate burden to establish error.

And, to the extent that his contentions may be interpreted as suggesting that the trial court was obligated to convene a hearing before dismissing the cause, he is mistaken. A prisoner is not entitled to personally appear. *Hamilton v. Pechacek*, 319 S.W.3d 801, 808 (Tex. App.–Fort Worth 2010, no pet.). At best, the opportunity for a hearing entails the ability to present evidence to support his complaint. *Id; Hall v. Treon*, 39 S.W.3d 722, 724 (Tex. App.–Beaumont 2001, no pet.) (holding there is no abuse of discretion in failing to hold a permissive hearing under Chapter 14 of the Civil Practice and Remedies Code when an inmate has failed to demonstrate there is evidence he would have presented had a hearing been held). Furthermore, Lagaite cites us to no evidence of record or evidence of any effort to present relevant evidence supporting his complaints. So, we cannot say that the trial court erred in acting without a hearing.

Finally, we find no effort to attack the order categorizing him as a vexatious litigant. Therefore, he has waived any complaint regarding that order. *Washington v. Bank of New York*, 362 S.W.3d 853, 855 (Tex. App.Dallas 2012, no pet.).

Accordingly, the order of dismissal and the order finding Lagaite a vexatious litigant are affirmed.

Brian Quinn
Chief Justice

4