

# IN THE
# TENTH COURT OF APPEALS

No. 10-11-00366-CV

**MARK WALTERS,**

**Appellant**

**v.**

**TDCJ,**

**Appellee**

From the 278th District Court
Walker County, Texas
Trial Court No. 25,641

## MEMORANDUM OPINION

Mark Richard Walters, a prison inmate, filed suit against Kelli Stallings, Teena Widner, James Vanette, Toby Dyer, and the Texas Department of Criminal Justice (the TDCJ defendants).[1]  On the TDCJ defendants' plea to the jurisdiction and motion to dismiss, the trial court dismissed Walters' suit with prejudice.  We affirm.

By his first, third, and fifth issues, Walters complains that the trial court erred in granting the TDCJ defendants' plea to the jurisdiction because Walters' suit, he alleges,

---

[1] All the four named "individual defendants" were prison employees at the time of the events forming the basis of the suit.

was actually a § 1983 claim and not subject to a plea to the jurisdiction. Walters relies on the Supreme Court case of *Howlett v. Rose* which held that governmental defendants that are not arms of the State, such as municipalities, a defendant which is not involved in Walters' case, are liable for their constitutional violations. *Howlett v. Rose*, 496 U.S. 356, 377, 110 S. Ct. 2430, 110 L. Ed. 2d 332 (1990). Section 1983 of the United States Code provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . . "

42 U.S.C. § 1983. In reviewing a § 1983 claim, a court must first determine whether the plaintiff has been deprived of such a right, privilege, or immunity and if so, whether the defendant is responsible for that violation. *Thomas v. Collins*, 960 S.W.2d 106, 109 (Tex. App.—Houston [1st Dist.] 1997, pet. denied); *Emerson v. Borland*, 927 S.W.2d 709, 717 (Tex. App.—Austin 1996, writ denied). *See Collins v. City of Harker Heights*, 503 U.S. 115, 120, 112 S. Ct. 1061, 1066, 117 L. Ed. 2d 261 (1992).

The TDCJ defendants argue that there was no indication in Walters' petition or any other pleading that the trial court should have inferred Walters was raising a § 1983 claim. We agree with the TDCJ defendants.

Texas follows a "fair notice" standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what evidence will be relevant. TEX. R. CIV. P. 47(a); *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). "A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense." *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982).

Walters alleged in his petition that he was seeking declaratory relief pursuant to Section 37.003 of the Civil Practice and Remedies Code, the Uniform Declaratory Judgments Act, to "redress the deprivation of State law." In the body of his petition, he alleged an action against Stallings for a violation of section 39.04 of the Texas Penal Code, *see* TEX. PENAL CODE ANN. § 39.04(a)(1) & (2) (West 2011);[2] an action for negligence against Widner, Vanette, and Dyer (the supervisory individual defendants); and an action against TDCJ pursuant to the Texas Tort Claims Act, *see* TEX. CIV. PRAC & REM. CODE ANN. § 101.021 (West 2011). As relief, he requested: 1) a declaration that the acts and omissions described in the petition violated his rights under "Texas State Law;" 2) a jury trial; 3) costs; and 4) compensatory damages in the amount of $350,000 "against the defendants."

---

[2] This section is titled, "Violations of the Civil Rights of Person in Custody; Improper Sexual Activity With Person in Custody."

In a "Memorandum" filed a month and a half after the filing of the original petition, Walters clarified his action against the supervisory individual defendants by including them in the Texas Tort Claims Act cause of action. In a later response to the TDCJ defendants' motion to dismiss and plea to the jurisdiction, Walters made a point to correct the TDCJ defendants' misconception that he was pursuing a common-law negligence cause of action against the supervisory individual defendants when he was pursuing his claim against them via the Texas Tort Claims Act.

Although there is some language used in his petition and in the memorandum that could be included within the realm of a § 1983 action, such as "color of law" in the petition and "violation of civil rights" in the memorandum, we do not believe they were sufficient to call to the attention of the trial court or the TDCJ defendants that Walters was making a claim under § 1983. *See* TEX. R. CIV. P. 47(a). This is especially so in light of Walters' response that the TDCJ defendants misconstrued his pleading, felt the need to have it corrected, but did not include a clarification or correction that he was alleging a § 1983 claim. It appears from Walters' pleadings that he intended to only assert a criminal complaint against Stallings[3] and a claim under the Texas Tort Claims Act against the remaining defendants. Walters had ample opportunity to contend or clarify that his claims were pursuant to § 1983 and not subject to a plea to the jurisdiction. He

---

[3] The Penal Code, however, does not create private causes of action and a victim does not have standing to participate as a party in a criminal proceeding. *See* TEX. CONST. art. I, § 30(e); TEX. CODE CRIM. PROC. ANN. art. 56.02(d) (West Supp. 2012).

did not. He did not suggest he was trying to raise a § 1983 claim until his brief on appeal. This is too late.

Accordingly, because there was no indication in Walters' petition or any other trial court pleading that he was raising a § 1983 claim, the trial court did not err in failing to interpret Walters' petition as a § 1983 cause of action. Walters' first, third, and fifth issues are overruled.

In his second issue, Walters contends that the trial court abused its discretion in not holding a hearing pursuant to section 14.003 of the Texas Civil Practice and Remedies Code. The motion to dismiss filed by the defendants, however, was not pursuant to Chapter 14; thus, section 14.003 does not apply. Further, even if section 14.003 applied, the trial court's decision whether to conduct a hearing on a motion to dismiss under section 14.003 is discretionary. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(c) (West 2002) (the court "may hold a hearing" to determine whether to dismiss claim); *Hall v. Treon*, 39 S.W.3d 722, 724 (Tex. App.—Beaumont 2001, no pet). Walters also argues that the trial court could have held a hearing like the one held in *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). However, the hearing held in *Spears* was pursuant to the Magistrates Act, 28 U.S.C. § 636(b)(1), wherein a district court may ask a magistrate to determine the factual basis of a prisoner's allegations. Walters has not cited a comparable provision applicable to Texas courts or that such a procedure is required. His second issue is overruled.

Walters next contends that the trial court abused its discretion in denying Walters' request for findings of fact. Pursuant to Rule 296 of the Texas Rules of Civil Procedure, a party may request the trial court to state its findings of fact and conclusions of law in writing. TEX. R. CIV. P. 296. If a trial court fails to timely do so, the party making the request must file a notice of past due findings of fact and conclusions of law. *Id*. 297. Walters contends that the trial court should have construed his "Response to Defendants Motion to Dismiss" as a request for findings of fact and conclusions of law and his Bill of Exceptions as a notice of past due findings of fact and conclusions of law. After review, we find no indication that these documents were intended to be anything other than what they were designated. Even if Walters was properly entitled to make a request for findings of fact and conclusions of law, an issue we expressly are not deciding, the trial court had no reason to believe that Walters was requesting written findings of fact and conclusions of law by the referenced documents. Walters' fourth issue is overruled.

Walters also asserts that the trial court erred in dismissing the individual defendants pursuant to section 101.106(c) of the Texas Civil Practice and Remedies Code because such a dismissal is not available in a § 1983 cause of action. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (West 2011). Because we held there was no indication in Walters' petition or any other pleading that the trial court should have

known Walters was raising a § 1983 claim, § 1983 is not a bar to a dismissal in this instance. Walters' sixth issue is overruled.

In his final issue, Walters asserts that the trial court erred in dismissing his suit with prejudice. Walters cites *Hickman v. Adams* for the proposition that when a trial court abuses its discretion in dismissing an inmate's claim with prejudice, it should determine whether the inmate's pleading deficiencies could be remedied. *See Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex. App.—Houston [14th Dist.] 2000, no pet.). *Hickman* is distinguishable because that court reviewed an inmate's suit which was dismissed with prejudice for failure to comply with the provisions of Chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001 et seq. (West 2002 & Supp. 2012). In that instance, the court held that a dismissal for failure to comply with the conditions of section 14.004 is not a dismissal on the merits, but rather an exercise of the trial court's discretion under Chapter 14 and not subject to a dismissal with prejudice. *Id*. at 124. The problem for Walters is that the trial court did not dismiss the case for failure to comply with the provisions of Chapter 14. The case was dismissed based on a plea to the jurisdiction and a motion to dismiss pursuant to section 101.106 of the Civil Practice and Remedies Code. Walters does not address why his case could not be dismissed with prejudice for the reasons requested by the TDCJ defendants. *See Harris County v. Sykes*, 136 S.W.3d 635, 637 (Tex. 2004) (a dismissal pursuant to a plea to the jurisdiction and section 101.106 is with prejudice because it

fully and finally adjudicates whether the claims that were asserted, or that could have been asserted, come within the Texas Tort Claims Act's waiver of sovereign immunity). Accordingly, Walters' seventh issue is overruled.

Having overruled each issue, we affirm the trial court's judgment.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). *See also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b); 51.208 (West Supp. 2012); § 51.941(a) (West 2005). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed October 25, 2012
[CV06]