

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-23-00669-CV

Abelardo G. **GONZALEZ**,
Appellant

v.

Alberto J. **GONZALEZ**, Sergio R. Gonzalez, Rosalinda Gonzalez,
Appellees

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2020CVK000879-D3
Honorable Russell H. Wilson, Judge Presiding

Opinion by:    Adrian A. Spears II, Justice

Sitting:       Rebeca C. Martinez, Chief Justice
               Adrian A. Spears II, Justice
               H. Todd McCray, Justice

Delivered and Filed: February 26, 2025

AFFIRMED

In six issues, Abelardo G. Gonzalez appeals from the trial court's judgment dismissing his civil suit for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. We affirm.

### BACKGROUND

Gonzalez, an inmate, filed a pro se civil suit against Alberto J. Gonzalez, Sergio R. Gonzalez, and Rosalinda Gonzalez, seeking damages and declaratory and injunctive relief.

Gonzalez also filed a statement of inability to pay court costs and a declaration relating to previous filings. In his declaration, Gonzalez represented that he had filed a total of eight previous legal actions, and he provided limited information about each legal action listed. Because Gonzalez was an inmate claiming indigence, his suit was governed by Chapter 14 of the Texas Civil Practice and Remedies Code.

Three months after Gonzalez filed the underlying suit, the trial judge, the Honorable Russell H. Wilson,[1] filed a motion ordering Gonzalez to show cause why his suit should not be dismissed for failure to comply with Chapter 14. The motion quoted the statute—section 14.004—which set outs the contents of an inmate declaration and noted that in his declaration Gonzalez claimed he had filed only eight previous legal actions. Additionally, the motion listed another fifteen legal actions filed by Gonzalez, which were not included in his declaration, and it ordered Gonzalez to show cause within thirty-three days why his suit should not be dismissed under Chapter 14. Finally, the motion advised Gonzalez that he "may submit evidence, including any denial that he brought one, or more, of the fifteen actions [listed] above, via affidavit. In the absence of a denial, [Gonzalez] will be deemed to have brought those actions."

On August 3, 2020, Judge Wilson signed an order dismissing Gonzalez's suit with prejudice. However, days before this dismissal order was signed, Gonzalez filed a motion to recuse Judge Wilson. Upon learning of Gonzalez's motion to recuse, Judge Wilson set aside the dismissal order. Thereafter, the Honorable Stephen B. Ables, presiding judge of the Sixth Administrative Judicial Region, considered and denied Gonzalez's motion to recuse Judge Wilson.

---

[1]On June 17, 2020, the Chief Justice of the Texas Supreme Court assigned the Honorable Russell H. Wilson, presiding judge of the 218th District Court, for "adjudication of th[e] case" "until all proceedings, including any post-trial motions, have been completed."

Over two years later, on May 19, 2023, the case was set for a bench trial. Gonzalez appeared before the court in person pursuant to a bench warrant. Before trial commenced, Judge Wilson recalled that he had dismissed Gonzalez's suit and then set aside the dismissal order because Gonzalez had moved to recuse him. Judge Wilson also stated that court records indicated that Gonzalez had omitted fifteen legal actions from his declaration. Gonzalez confirmed that his declaration identified only eight previous legal actions, but he said he could "not deny or confirm" filing another fifteen legal actions. Judge Wilson then stated: "I am inclined to renew my previous finding [that] you made—willingly made false statements in your affidavit and declaration about previous findings, and I'm going to dismiss this case with prejudice." The case did not proceed to trial. Instead, Judge Wilson signed a judgment dismissing Gonzalez's suit with prejudice. The judgment reflects that Judge Wilson dismissed Gonzalez's suit on three separate grounds: (1) Gonzalez filed a declaration he knew was false, (2) Gonzalez's suit was frivolous because his claims arose from the same operative facts and were substantially similar to previous claims that had been determined against Gonzalez, and (3) his claims were "barred by res judic[ata], and or collateral estoppel." *See* TEX. CIV. PRAC. & REM. CODE §§ 14.003(a)(3), 14.003(a)(2),(b)(4).

Six days after the dismissal judgment was signed, Gonzalez filed a second motion to recuse Judge Wilson. On June 13, 2023, Judge Ables held a hearing on Gonzalez's second motion to recuse. Gonzalez appeared at this hearing via Zoom. After the hearing, Judge Ables signed an order denying Gonzalez's second motion to recuse Judge Wilson. Gonzalez appealed.

### APPLICABLE LAW AND STANDARD OF REVIEW

"In part to conserve judicial resources, the Texas Legislature created special procedures controlling inmate suits for those inmates who declare they are unable to pay the costs of their suit." *Warren v. Employees of TDCJ-ID*, No. 04-09-00268-CV, 2010 WL 2183894, at *1 (Tex.

App.—San Antonio June 2, 2010, no pet.). Chapter 14 provides that an "inmate who files an affidavit or unsworn declaration of inability to pay costs shall file a separate affidavit or declaration identifying each action . . . previously brought by the person and in which [he] was not represented by an attorney . . . and describing each action that was previously brought . . . ."[2] TEX. CIV. PRAC. & REM. CODE § 14.004(a). This affidavit or declaration is called an "Affidavit Relating to Previous Filings." *See id*.

Chapter 14 provides that a "court may dismiss a claim . . . if the court finds that the inmate filed an affidavit or unsworn declaration required by this chapter that the inmate knew was false." TEX. CIV. PRAC. & REM. CODE § 14.003(a)(3). It also provides that "a court may dismiss a claim . . . if the court finds the claim is frivolous or malicious." *Id*. § 14.003(a)(2). "In determining whether a claim is frivolous or malicious the court may consider whether the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts." *Id*. § 14.003(b)(4). The trial court may hold a hearing to determine if these provisions apply, but it is not required to do so. *See id*. § 14.003(c); *Warren*, 2010 WL 2183894, at *1 ("Section 14.003(c) plainly states that it is within the discretion of the trial court to hold a hearing" prior to dismissing a suit under Chapter 14).

We generally review a Chapter 14 dismissal for an abuse of discretion. *See Warren*, 2010 WL 2183894, at *1; *see also Estes v. Richerson*, No. 02-17-00391-CV, 2018 WL 3968784, at *1 (Tex. App.—Fort Worth Aug. 16, 2018, no pet.). A trial court abuses its discretion when it acts without any reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). We must affirm a Chapter 14 dismissal if it is proper under any

---

[2]Section 14.004 expressly excludes family law actions and, therefore, an inmate is not required to identify them in his declaration relating to previous filings. *See* TEX. CIV. PRAC. & REM. CODE § 14.004(a)(1).

theory. *Ross v. Tex. Dep't of Crim. Justice-Inst. Div.*, No. 12-12-00350-CV, 2013 WL 3487030, at *1 (Tex. App.—Tyler July 10, 2013, no pet.); *Wanzer v. Tex. Dep't of Crim. Justice-Inst. Div.*, No. 04-08-00580-CV, 2009 WL 2183481, at *2 (Tex. App.—San Antonio Oct. 9, 2009, no pet.).

**CHALLENGES TO CHAPTER 14 DISMISSAL**

In his sixth issue, Gonzalez complains the trial court abused its discretion by dismissing his suit as frivolous because his claims did not arise from the same operative facts and were not substantially similar to other claims Gonzalez brought in previous suits.

The trial court "may dismiss a claim . . . if the court finds the claim is frivolous or malicious." TEX. CIV. PRAC. & REM. CODE § 14.003(a)(2). "To prevent frivolous suits, section 14.004 requires inmates to file a detailed affidavit describing previous filings." *Murphy v. Green*, No. 04-10-00042-CV, 2010 WL 4817048, at *2 (Tex. App.—San Antonio Nov. 24, 2010, pet. denied). Among other things, section 14.004 requires an inmate's declaration to "describ[e] each action that was previously brought by: (A) stating the operative facts for which relief was sought; (B) listing the case name, cause number, and the court in which the action was brought; (C) identifying each party named in the action; and (D) stating the result of the action, including whether the action or a claim that was a basis for the action was dismissed as frivolous or malicious." TEX. CIV. PRAC. & REM. CODE § 14.004(a)(2). "When an inmate does not comply with the affidavit requirements of Section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous." *Hall v. Treon*, 39 S.W.3d 722, 724 (Tex. App.—Beaumont 2001, no pet.); *see Murphy*, 2010 WL 4817048, at *3.

Here, the record shows that Gonzalez filed a declaration that identified eight previous legal actions filed by him. For all eight legal actions, Gonzalez failed to state the operative facts for which relief was sought. Accordingly, Judge Wilson was entitled to assume that the claims in

Gonzalez's suit were substantially similar to the claims in one or more of Gonzalez's previous legal actions and, therefore, that his suit was frivolous. *See Murphy*, 2010 WL 4817048, at *3 (holding trial court properly concluded inmate's suit was substantially similar to legal action previously filed by him when declaration failed to describe operative facts of previous suits); *Hall*, 39 S.W.3d at 724 ("Because Hall did not comply with the mandatory requirements of section 14.004(a), the trial court could have properly assumed Hall had previously filed substantially similar suits and, that his suit was, therefore, frivolous."). Judge Wilson did not abuse his discretion by dismissing Gonzalez's suit as frivolous. *See* TEX. CIV. PRAC. & REM. CODE § 14.003(a)(2), (b)(4).

Having determined Judge Wilson properly dismissed Gonzalez's suit on the ground his suit was frivolous because his claims arose from the same operative facts and were substantially similar to previous claims filed by him, we need not address Gonzalez's second and third issues complaining of the other grounds stated in the judgment. *See* TEX. R. APP. P. 47.1 (requiring court of appeals to hand down opinion that is as brief as practicable while addressing every issue raised and necessary to final disposition of the appeal); *Ross*, 2013 WL 3487030, at *1 (stating appellate court must affirm a dismissal order if it is proper under any applicable theory). We overrule Gonzalez's second, third, and sixth issues.

## RECEIPT OF DISMISSAL MOTION

In his fifth issue, Gonzalez complains he did not receive a copy of the trial court's motion to show cause why his case should not be dismissed under Chapter 14.

The rules of appellate procedure require an appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). When an appellant's brief fails to satisfy rule 38.1(i)'s requirements, it

presents nothing for our review. *Tchernowitz v. The Gardens at Clearwater*, No. 04-15-00716-CV, 2016 WL 6247008, at *1 (Tex. App.—San Antonio Oct. 26, 2016, no pet.). "Although we liberally construe pro se litigants' pleadings and briefs, we also hold them to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure." *Fleming v. NASA Fed. Credit Union*, No. 04-21-00555-CV, 2023 WL 242728, at *1 n.2 (Tex. App.—San Antonio Jan. 18, 2023, no pet.).

In this section of his brief, Gonzalez does not cite to a single rule, statute, or case. Because Gonzalez's complaint about his alleged failure to receive a copy of the show cause motion fails to contain appropriate citation to legal authorities, it presents nothing for our review. *See* TEX. R. APP. P. 38.1(i); *Tchernowitz*, 2016 WL 6247008, at *1. We overrule Gonzalez's fifth issue.

## CHAPTER 14 HEARING NOTICE

In his first issue, Gonzalez complains he did not receive notice that the motion to dismiss would be considered by Judge Wilson on May 19, 2023.

"[A] court acting on a motion to dismiss under Chapter 14 is not required to hold a hearing." *Hosea v. Dominguez*, 668 S.W.3d 704, 709 (Tex. App.—El Paso 2022, pet. denied); *see* TEX. CIV. PRAC. & REM. CODE § 14.003(c); *Warren*, 2010 WL 2183894, at *1 (recognizing that section 14.003(c) "plainly states" that a hearing prior to dismissing a claim under Chapter 14 is discretionary). In this case, the record reflects that the Chapter 14 dismissal was to be considered by written submission. The Chapter 14 motion ordered Gonzalez to show cause why his suit should not be dismissed under Chapter 14, advised Gonzalez he could submit controverting evidence via affidavit, and set a deadline for Gonzalez to submit his evidence. After Gonzalez failed to submit any evidence, Judge Wilson signed a dismissal order without a hearing. However, upon learning that Gonzalez had moved to recuse him just days before the dismissal order was signed, Judge

Wilson set aside his initial dismissal order. Thereafter, Gonzalez's motion to recuse was denied. When the parties appeared in court on this matter on May 19, 2023, Judge Wilson re-visited the pending Chapter 14 motion and signed the dismissal judgment.

Because Judge Wilson was not required to hold a hearing before dismissing Gonzalez's suit under Chapter 14, Gonzalez's notice complaint is without merit. We overrule Gonzalez's first issue.

### RECUSAL HEARING NOTICE

In his fourth issue, Gonzalez argues Judge Ables erred by conducting a hearing on his second motion to recuse without providing him proper notice. Without directing us to any evidence in the record, Gonzalez contends he did not have actual or constructive notice that the second motion for recusal was set for hearing on June 13, 2023, a hearing at which Gonzalez appeared via Zoom. Gonzalez does acknowledge that the clerk's record contains an order setting the recusal motion for hearing on June 13, 2023, but he contends the record contains "no mention it was served" upon him.

The law presumes that a trial court will hear a case only after proper notice to the parties. *Houston Gateway Acad., Inc. v. IRRH, LLC*, No. 14-19-00171-CV, 2020 WL 4118301, at *2 (Tex. App.—Houston [14th Dist.] July 21, 2020, no pet.). "An appellant bears the burden of rebutting this presumption by affirmatively showing a lack of notice." *Id*. "[W]hen a party challenges a judgment based on lack of notice, he has the burden of proving a lack of notice with evidence." *Hicks v. Hicks*, No. 01-15-01011-CV, 2016 WL 2342913, at *2 (Tex. App.—Houston [1st Dist.] May 3, 2016, no pet.). "A party cannot do this by merely making an allegation; rather, he must affirmatively establish a lack of notice." *Id*. Therefore, when an appellant alleges error because of a lack of sufficient notice, he must provide a record that affirmatively shows he did not receive

proper notice of the hearing. *Odam v. Texans Credit Union*, No. 05-16-00077-CV, 2017 WL 3634274, at *4 (Tex. App.—Dallas Aug. 24, 2017, no pet.).

Although Gonzalez asserts in his brief that he did not have actual or constructive notice that his second motion for recusal would be considered at the June 13, 2023 hearing, these assertions are not evidence and they do not rebut the presumption of proper notice. *See Hicks*, 2016 WL 2342913, at *2 (recognizing that an inmate must rebut the presumption of proper notice with evidence). Accordingly, Gonzalez has failed to meet his burden to affirmatively show that he did not have proper notice of the second recusal hearing. *See Houston Gateway*, 2020 WL 4118301, at *2; *Odam*, 2017 WL 3634274, at *4. We overrule Gonzalez's fourth issue.

## CONCLUSION

The trial court's judgment and its order denying the second motion to recuse are affirmed.

Adrian A. Spears II, Justice