NO. 12-03-00394-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

HOWARD VANZANDT WILLIAMS,              §     APPEAL FROM THE THIRD
APPELLANT


V.                                                                         §     JUDICIAL DISTRICT COURT OF

TEXAS DEPARTMENT OF CRIMINAL
JUSTICE-INSTITUTIONAL 
DIVISION, ET AL                                             §     ANDERSON COUNTY, TEXAS 
APPELLEE




OPINION
            Howard Vanzandt Williams, an inmate in the Texas Department of Criminal Justice-Institutional Division (“TDCJ”), proceeding pro se, filed an in forma pauperis suit against TDCJ,
Neal Webb, John Becraft, Shely Baldwin, and “others (names unknown).” Williams appeals the trial
court’s order dismissing his suit pursuant to Texas Civil Practice and Remedies Code, section
14.003. Williams raises five issues on appeal. We modify and, as modified, affirm.

Background
            Williams is an inmate at the Beto Unit in Tennessee Colony, Texas. While incarcerated,
Williams filed a civil suit against TDCJ, Webb, Becraft, Baldwin, and others unknown, alleging
causes of action for gross negligence and deprivation of “rights, care, and safety” under section 1983
of title 42 of the United States Code. See 42 U.S.C. § 1983 (2002). Specifically, Williams alleged
that property was illegally taken from his cell during a search and that false offense reports were filed
against him out of “racial hatred.” Williams sought $10,000.00 from each defendant “for their total
disrespect for the laws of the State of Texas and those of the United States.”
            In conjunction with his original petition, Williams also filed a declaration of previous
lawsuits, in which he designated 17 previously-filed lawsuits.


 Along with each designation,
Williams set forth generally the legal theories raised in each suit, but did not describe in detail the
facts giving rise to each of the suits.
            On November 4, 2003, without conducting a hearing, the trial court found that Williams’s
suit was frivolous or malicious and dismissed it with prejudice pursuant to Texas Civil Practice and
Remedies Code, section 14.003. This appeal followed.

Dismissal Pursuant to Texas Civil Practice and Remedies Code Chapter 14
            In his first, second, fourth, and fifth issues, Williams argues that the trial court's dismissal
was improper. We review the trial court's dismissal of an in forma pauperis suit under an abuse of
discretion standard. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A
trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding
rules or principles. Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.]
1998, no pet.). We will affirm a dismissal if it was proper under any legal theory. Johnson v.
Lynaugh, 796 S.W.2d 705, 706-07 (Tex.1990); Birdo v. Ament, 814 S.W.2d 808, 810 (Tex. App.–
Waco 1991, writ denied). The trial courts are given broad discretion to determine whether a case
should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government
bears the cost of an in forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal of
unmeritorious claims accrue to the benefit of state officials, courts, and meritorious claimants. See
Montana v. Patterson, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).
            Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an
inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs.



Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon 2002); Hickson, 926 S.W.2d at 398.
Section 14.003 provides that a trial court may dismiss a claim before or after service of process if
the court finds that the claim is frivolous or malicious. See Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003(a)(2) (Vernon 2002). In determining whether a claim is frivolous or malicious, a trial court
may consider whether the claim is substantially similar to a previous claim filed by the inmate
because the claim arises out of the “same operative facts.” Id. § 14.003(b)(4). To enable a trial court
to determine whether the suit is substantially similar to a previous one, an inmate is required to file
a separate affidavit or unsworn declaration describing all other suits the inmate has brought and
stating the “operative facts” upon which relief was sought. Id. § 14.004(a)(2)(A). The affidavit must
also disclose whether the prior suits were dismissed as frivolous or malicious and provide the dates
of the final orders affirming the dismissals. Id. §§ 14.004(a)(2)(D), 14.004(b).
            In the case at hand, the record contains no affidavits or unsworn declarations in compliance
with Texas Civil Practice and Remedies Code, section 14.004. Williams filed a declaration listing
previous lawsuits filed, but failed to sufficiently set forth in detail the “operative facts” upon which
relief was sought in each suit. Rather, Williams did little more than address what legal theories he
could “best remember” that were raised in each of the previous 17 suits he listed. Without a more
detailed description of the operative facts surrounding Williams's previous lawsuits, the trial court
was unable to consider whether Williams's current claim was substantially similar to his previous
claims. See Bell v. Texas Dep't of Criminal Justice–Inst’l Div., 962 S.W.2d 156, 158 (Tex. App.-
Houston [14th Dist.] 1998, pet. denied). Williams also failed to state whether the prior suits were
dismissed as frivolous or malicious and failed to provide the dates of the final orders affirming the
dismissals. See  Tex. Civ. Prac. & Rem. Code Ann. §§ 14.004(a)(2)(D), 14.004(b) (Vernon 2002).
            The Beaumont Court of Appeals addressed this very issue in White v. State, 37 S.W.3d 562
(Tex. App.–Beaumont 2001, no pet.). In White, the court held that “White’s description of the
‘operative facts’ in each prior suit is, in effect, a designation of a legal theory, not a statement of the
‘operative facts’ of the case.” Id. at 564. The court continued, “Based on the listing [White] has
submitted, it is impossible for the trial court to determine, for example, whether the five suits labeled
as ‘due process violations’ are duplicative of the present case.” Here, as in White, Williams’s
classification of his suits as “retaliatory conspiracy,” “denial of religious practice,” “filing of false
disciplinary cases,” “falsification of official government documents,” “removal of legal instruments,”
and “illegal disciplinary convictions,” to name a few, do little to enable the trial court to determine,
in each case, if his present action was substantially similar to his previous lawsuits.
            When an inmate files an affidavit or declaration that fails to comply with the requirements
of section 14.004, “the trial court is entitled to assume that the suit is substantially similar to one
previously filed by the inmate, and therefore, frivolous.” Bell, 962 S.W.2d at 158. Accordingly, we
hold that the trial court did not abuse its discretion when it dismissed Williams's suit. Id. 
Williams’s first issue is overruled.

Dismissal With Prejudice
            In his third issue, Williams contends that it was improper for the trial court to dismiss his
action with prejudice. A dismissal with prejudice constitutes an adjudication on the merits and
operates as if the case had been fully tried and decided. See Ritchey v. Vasquez, 986 S.W.2d 611,
612 (Tex.1999). Thus, orders dismissing cases with prejudice have full res judicata and collateral
estoppel effect, barring subsequent relitigation of the same causes of action or issues between the
same parties. See Barr v. Resolution Trust Corp., 837 S.W.2d 627, 630-31 (Tex.1992). On the
other hand, a dismissal for failure to comply with the conditions in section 14.004 is not a dismissal
on the merits, but rather an exercise of the trial court's discretion under chapter 14 of the Civil
Practice and Remedies Code. See Thomas v. Knight, 52 S.W.3d 292, 295 (Tex. App.–Corpus
Christi 2001, no pet.); Hickman v. Adams, 35 S.W.3d 120, 124 (Tex. App.–Houston [14th Dist.]
2000, no pet.). Further, a dismissal with prejudice is improper if the plaintiff's failure can be
remedied. See Hickman, 35 S.W.3d at 125. 
            The Corpus Christi Court of Appeals addressed this issue in Thomas v. Skinner, 54 S.W.3d
845 (Tex. App.–Corpus Christi 2001, pet. denied). Thomas’s lawsuit was dismissed pursuant to
chapter 14 because Thomas failed to include an affidavit or declaration describing each suit that he
had previously filed. Id. at 846. Holding that the dismissal with prejudice was improper, the court
stated as follows: 
 
When an appellate court reviews whether a trial court abused its discretion in dismissing an inmate's
suit, it should consider whether the suit was dismissed with prejudice and if so, determine whether the
inmate's error could be remedied through more specific pleading. (citation omitted). In the present
case, we find that Thomas's failure to comply with chapter 14 could have been remedied through
amendment. Therefore, we sustain Thomas's first issue. 
 
Id. at 847. In the case at hand, Williams's error, like Thomas's, could have been remedied through
more specific pleading. Therefore, we hold that the trial court's dismissal with prejudice was
improper. Williams's third issue is sustained.

Conclusion
            Having sustained Williams’s third issue and having overruled his first, second, fourth and
fifth issues, we modify the trial court's order of dismissal by deleting the words “with prejudice” and
substituting in their place the words “without prejudice.” As modified, we affirm the trial court's
dismissal order.
 
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice

Opinion delivered July 20, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.







(PUBLISH)