NO. 07-06-0171-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 14, 2006
_____

MICHAEL LOU GARRETT,

Appellant

v.

DARRYL E. GLENN, ET AL.,

Appellees
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 94,029-A; HON. HAL MINER, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Michael Lou Garrett, an indigent inmate, appeals from an order dismissing his suit against Darryl E. Glenn and numerous other employees or agents of the Texas Department of Criminal Justice as well as Caroline Woodburn, the District Court Clerk of Potter County, and Christopher Champion Wike, an assistant attorney general for the State of Texas. He contends that the trial court abused its discretion in dismissing the cause. We overrule the issue and affirm the final order.

On December 12, 2005, appellant filed, pursuant to Chapter 14 of the Civil Practice and Remedies Code, his 150-page complaint addressing 83 grievances. The trial court dismissed that complaint on March 30, 2006, finding that the claims were frivolous or malicious. In support of that finding, it also stated that 1) the defendants were entitled to qualified immunity from appellant's federal law claims, to official immunity from his state law claims, and to sovereign immunity from his claims of conspiracy, intentional torts, and negligence, 2) appellant's claims of denial of access to courts were belied by his affidavit of previous filings, 3) appellant failed to attach a copy of the written decisions of his 83 grievances, and 4) a written decision on all but four of the grievances was received by appellant more than 31 days prior to the filing of his petition. Appellant challenges all of these findings on appeal.

The trial court has broad discretion to dismiss lawsuits filed under Chapter 14 of the Civil Practice and Remedies Code. *Retzlaff v. Texas Dep't of Criminal Justice,* 94 S.W.3d 650, 654 (Tex. App.– Houston [14ᵗʰ Dist.] 2002, pet. denied). And, though several reasons justifying the dismissal at bar were mentioned, we may affirm the decision if any of those grounds are legitimate. *Williams v. Texas Dep't of Criminal Justice - Institutional Division,* 176 S.W.3d 590, 593 (Tex. App.–Tyler 2005, pet. denied).

Next, statute requires an inmate who files a claim that was subject to a grievance to provide the trial court a copy of the written decision of the body entertaining the grievance. TEX. CIV. PRAC. & REM. CODE ANN. §14.005(a)(2) (Vernon 2002). A handwritten summary of the decision does not suffice. *Bishop v. Lawson,* 131 S.W.3d 571, 574 (Tex. App.–Fort Worth 2004, pet. denied). Thus, the handwritten summaries provided by Garrett of the 83 grievances filed with and considered by the prison's grievance system fell short

2

of meeting the statutory dictate. And, though he avers that his summaries reiterated the findings verbatim, statute requires that a copy of the decision be provided.[1] We cannot ignore that which the legislature wrote and governor enacted.

So, Garrett's failure to comply with §14.005(a)(2) of the Civil Practice and Remedies Code warranted dismissal of the suit. *Moore v. Zeller,* 153 S.W.3d 262, 264 (Tex. App.– Beaumont 2004, pet. denied). And, the trial court did not err in so concluding.

The order of dismissal is affirmed.

Brian Quinn
Chief Justice

---

[1]Lacking an actual copy of the written decisions, we are unable to verify the accuracy of Garrett's representation that his summaries are verbatim reiteration of those decisions.