NO. 07-06-0171-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 14, 2006


______________________________



MICHAEL LOU GARRETT, 



 Appellant


v.



DARRYL E. GLENN, ET AL., 



 Appellees

_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 94,029-A; HON. HAL MINER, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ. 

 Michael Lou Garrett, an indigent inmate, appeals from an order dismissing his suit
against Darryl E. Glenn and numerous other employees or agents of the Texas Department
of Criminal Justice as well as Caroline Woodburn, the District Court Clerk of Potter County,
and Christopher Champion Wike, an assistant attorney general for the State of Texas. He
contends that the trial court abused its discretion in dismissing the cause. We overrule the
issue and affirm the final order.

 On December 12, 2005, appellant filed, pursuant to Chapter 14 of the Civil Practice
and Remedies Code, his 150-page complaint addressing 83 grievances. The trial court
dismissed that complaint on March 30, 2006, finding that the claims were frivolous or
malicious. In support of that finding, it also stated that 1) the defendants were entitled to
qualified immunity from appellant's federal law claims, to official immunity from his state law
claims, and to sovereign immunity from his claims of conspiracy, intentional torts, and
negligence, 2) appellant's claims of denial of access to courts were belied by his affidavit
of previous filings, 3) appellant failed to attach a copy of the written decisions of his 83
grievances, and 4) a written decision on all but four of the grievances was received by
appellant more than 31 days prior to the filing of his petition. Appellant challenges all of
these findings on appeal.

 The trial court has broad discretion to dismiss lawsuits filed under Chapter 14 of the
Civil Practice and Remedies Code. Retzlaff v. Texas Dep't of Criminal Justice, 94 S.W.3d
650, 654 (Tex. App.- Houston [14th Dist.] 2002, pet. denied). And, though several reasons
justifying the dismissal at bar were mentioned, we may affirm the decision if any of those
grounds are legitimate. Williams v. Texas Dep't of Criminal Justice - Institutional Division,
176 S.W.3d 590, 593 (Tex. App.-Tyler 2005, pet. denied). 

 Next, statute requires an inmate who files a claim that was subject to a grievance
to provide the trial court a copy of the written decision of the body entertaining the
grievance. Tex. Civ. Prac. & Rem. Code Ann. §14.005(a)(2) (Vernon 2002). A handwritten
summary of the decision does not suffice. Bishop v. Lawson, 131 S.W.3d 571, 574 (Tex.
App.-Fort Worth 2004, pet. denied). Thus, the handwritten summaries provided by Garrett
of the 83 grievances filed with and considered by the prison's grievance system fell short
of meeting the statutory dictate. And, though he avers that his summaries reiterated the
findings verbatim, statute requires that a copy of the decision be provided. (1) We cannot
ignore that which the legislature wrote and governor enacted. 

 So, Garrett's failure to comply with §14.005(a)(2) of the Civil Practice and Remedies
Code warranted dismissal of the suit. Moore v. Zeller, 153 S.W.3d 262, 264 (Tex. App.- 
Beaumont 2004, pet. denied). And, the trial court did not err in so concluding.

 The order of dismissal is affirmed.


 Brian Quinn 

 Chief Justice

 

 
1. Lacking an actual copy of the written decisions, we are unable to verify the accuracy of Garrett's
representation that his summaries are verbatim reiteration of those decisions.



2d 271,
271 (Tex. 1944); Disney Enterprises, Inc. v. Esprit Finance, Inc., 981 S.W.2d 25, 30
(Tex.App.-San Antonio 1998, pet. dism'd w.o.j.). 

 Gibson's second issue presents the same question with regard to the legal
sufficiency of the evidence of Ray's apparent authority. Both actual and apparent authority
are created through the conduct of the principal communicated either to the agent (actual
authority) or to a third party (apparent authority). Suarez v. Jordan, 35 S.W.3d 268, 273
(Tex.App.-Houston [14th Dist.] 2000, no pet.).

 For actual authority, there must be evidence the principal intentionally conferred the
authority upon the agent; intentionally allowed him to believe that he possessed the
authority; or, by want of care, allowed him to believe that he possessed the authority. 
Streetman v. Benchmark Bank, 890 S.W.2d 212, 215-16 (Tex.App.-Eastland 1994, writ
denied). As noted, in this case, the question is whether Ray had "actual authority to
authorize more than one medical treatment" for Hughes. During the cross-examination of
Ray, the following transpired:

 Q: ... I'm just saying you have the authority to authorize more than one visit to a
doctor's office, correct?

 A: Yes.

 ...

 Q: ... So you authorized an employee to go see the doctor, that employee goes to
see the doctor, and that's pretty much the end of your involvement. You can't
authorize- you can authorize more than one, but you didn't this time so your
testimony is.

 A: That's correct.

 Q: Of course in deposition you also testified that you have never authorized
anybody to have more than one visit; is that correct?

 A: No. It may have been what I said at the time, but I was confused. I can
authorize more than one if it's like to have the stitches removed.

 Q: Okay. So you can authorize more than one. Can you authorize more than two?

 A: It depends on the case.

 ...

 Q: ... Can you authorize more than three?

 A: I would get permission to do it from Scott Gibson. 


(emphasis added). This testimony provides legally sufficient evidence to demonstrate
Gibson had conferred on Ray actual authority to authorize more than one medical
treatment for Hughes. Glover, 619 S.W.2d at 401; Streetman, 890 S.W.2d at 215-16. We
overrule Gibson's first issue on appeal. Because we have determined Ray's actual
authority to authorize more than one medical treatment for Hughes was supported by
legally sufficient evidence, we need not address Gibson's second issue regarding her
apparent authority.

 We next consider Gibson's fourth issue asking whether the evidence is legally
sufficient to support an award of $3,000 for actual damages against Gibson. The evidence
at trial demonstrates the cost of Hughes' first visit was $385 and the total bill for 51 visits
was $12,425. (2) Gibson complains that at no time did the balance ever total exactly $3,000 (3)
and that the "award of $3,000.00 was a number arbitrarily pulled from the proverbial hat,
and not based on any evidence in the case . . . . [and] the judgment should be
reversed . . . ." We disagree. 

 The trier of fact has discretion to award damages within the range of evidence
presented at trial and we are not permitted to disregard the damages award because the
trier of fact's reasoning in arriving at its figure is unclear. Duggan v. Marshall, 7 S.W.3d
888, 893 (Tex.App.-Houston [1st Dist.] 1999, no pet.); Adams v. Petrade Int'l, Inc., 754
S.W.2d 696, 710 (Tex.App.-Houston [1st Dist.] 1988, writ denied). Evidence corresponding
to the precise amount found by the trier of fact is not essential. See Carrow v. Bayliner
Marine Corp., 781 S.W.2d 691, 695 (Tex.App.-Austin 1989, no writ) (deceptive trade
practice claim). Since the amount awarded was within the range of evidence presented
at trial, we overrule Gibson's fourth issue on appeal. Duggan, 7 S.W.3d at 893. Because
we find the damages award of $3,000 was proper, we need not address Gibson's third
issue questioning whether the evidence is legally sufficient to support a judgment for more
than the fee for the first visit. Our disposition of Gibson's fourth issue also pretermits our
consideration of its sixth issue by which it challenges Coolbaugh's recovery of attorney's
fees by contending the demand for $12,425 was excessive.

 By its fifth issue, Gibson asserts Coolbaugh failed to present his claim to Gibson,
precluding his recovery of attorney's fees. See TEX. CIV. PRAC. & REM. CODE ANN.
§38.002 (providing the prerequisite that the claimant present the claim to the opposing
party in order to recover its attorney's fees). We overrule the issue. As noted, Coolbaugh
testified he sent a second bill to Gibson after he completed the treatment of Hughes in
November 2001. Gibson claimed it never received the bill. The fact finder, as opposed
to the reviewing court, enjoys the right to resolve credibility issues and conflicts within the
evidence. Ramo, Inc. v. English, 500 S.W.2d 461, 467 (Tex. 1973). The trier of fact may
choose to believe all, part, or none of the testimony of any particular witness. In the
Interest of R.D.S., 902 S.W.2d 714, 716 (Tex.App.-Amarillo 1995, no writ). Coolbaugh's
testimony supports a conclusion the claim was presented in November 2001. 

 Further, Hughes testified she hand-delivered a copy of Coolbaugh's final bill to
Gibson in June 2002. In her testimony, Ray confirmed she received the bill at that time. 
Coolbaugh's original petition is dated June 16, 2003. (4) The trial court was justified in
concluding the claim was presented as required under section 38.002. 

 Having overruled Gibson's issues on appeal, we affirm the judgment of the trial
court. (5)

 James T. Campbell

 Justice 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. The "Statement of Account," beginning on August 1, 2001 and ending November
29, 2001, was admitted in evidence at trial.
3. Gibson notes that Hughes's account surpassed $3,000 during the course of her
16th visit on August 31, 2001. Gibson states the balance was $2,940 after the 15th visit and
$3,120 after the 16th visit.
4. Even if Gibson did not receive the bill from Coolbaugh until June 2002, a question
we need not decide, it was still received more than 30 days prior to the commencement of
this lawsuit. See TEX. CIV. PRAC. & REM. CODE ANN. §38.002 (3) ("payment for the just
amount owed must not have been tendered before the expiration of the 30th day after the
claim is presented").
5. In its prayer for relief, Coolbaugh requests that we award "attorney's fees for
Appellee on appeal." In its judgment, the trial court did not award attorney's fees for
appeal to Coolbaugh. A party who seeks to alter the trial court's judgment must file a
notice of appeal. TEX. R. APP. P. 25.1(c). Without a showing of just cause, we may not
grant him more favorable relief than did the trial court. Id.