NO.
12-06-00393-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

 

IN RE: MICHAEL E. GEIGER,      §                      ORIGINAL
PROCEEDING

RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Michael E.
Geiger seeks a writ of mandamus requiring the trial court to “compel trial,
judgement [sic] or hearing in this matter as deemed right by law.”[1]  We deny the petition.

 

Dismissal
Order

            Geiger first
complains that the trial court dismissed his civil lawsuit pursuant to Chapter
14 of the Texas Civil Practice and Remedies Code, thereby depriving him of his
constitutional right to access to the court. 
Mandamus will issue to correct a clear abuse of discretion by the trial
court where there is no adequate remedy by appeal.  Walker v. Packer, 827 S.W.2d
833, 839-40 (Tex. 1992).  Here, Geiger
has not shown that the trial court abused its discretion by dismissing his
lawsuit.  Moreover, the trial court’s
order dismissing Geiger’s lawsuit is an appealable order.  See Williams v. Tex. Dep’t of Criminal
Justice, 176 S.W.3d 590, 592 (Tex. App.–Tyler 2005, pet. denied).  Consequently, even if Geiger had satisfied
the first prerequisite to mandamus, he could not satisfy the second because he
could not show that he has no adequate remedy by appeal.  Therefore, Geiger is not entitled to mandamus
as to the trial court’s dismissal order. 


 

Failure to
Rule–Motion for New Trial

            Geiger next
asserts that the trial court abused its discretion by failing to rule on his “motion
of objection and response to Ch. 14 motion to dismiss.”  Generally, a trial court has a ministerial
duty to consider and rule on a motion within a reasonable time.  In re Thomas, No.
12-05-00261-CV, 2005 WL 2155244, at *4 (Tex. App.–Tyler Sept. 7, 2005, orig.
proceeding) (mem. op.).  However, Geiger’s
motion is, in substance, a motion for new trial.  The Texas Rules of Civil Procedure provide
that a motion for new trial not determined by written order signed within
seventy-five days after the judgment was signed is considered overruled by operation
of law.  Tex. R. Civ. P. 329b(c). 
Geiger states that the trial court sent the order of dismissal on May 9,
2006, and he filed his “motion of objection and response to Ch. 14 motion to
dismiss” on June 16, 2006.  Because the
trial court did not determine Geiger’s motion by written order, the motion was
overruled by operation of law on August 30, 2006.  See id.  No written order is necessary where the
motion is overruled by operation of law. 
See id. 
Therefore, mandamus is not available to require the trial court to issue
a written order on Geiger’s motion.

 

Failure to
Rule–Motion for Emergency Relief

            Finally,
Geiger complains that the trial court has failed to rule on his “‘Emergency’
Injunction and Temporary Restraining Order with Claim for Relief.”  As noted earlier, generally a trial court has
a ministerial duty to consider and rule on a motion within a reasonable time.  In re Thomas, 2005 WL 2155244, at
*4.  However, before mandamus relief may
issue to require a trial court to rule on a motion, the relator must establish
that the court was asked to perform the act and failed or refused to do so
within a reasonable time.  Safety-Kleen
Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.–San Antonio 1997, orig.
proceeding).  In his mandamus petition, Geiger
states that he sought emergency relief on July 11, 2006.  But nothing in the record shows that the
motion was brought to the trial court’s attention.  A trial court cannot be faulted for doing
nothing when it was not aware of the need to act.  In re Villareal, 96 S.W.3d 708,
710 (Tex. App.–Amarillo 2003, orig. proceeding).  We cannot simply assume that the trial court
knew of its duty to act and neglected to perform it.  Id.  Therefore, Geiger is not entitled to mandamus
requiring the trial court to rule on his motion for emergency relief.

Disposition

            The petition
for writ of mandamus is denied. 


 

            

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion delivered January 10,
2007.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] The
respondent is the Honorable Pam Fletcher, Judge of the 349th Judicial District
Court, Houston County, Texas.