# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00067-CV

**Luis Lagaite, Jr., Appellant**

**v.**

**Brad Livingston, David Doughty, Keith Clendennen, Tracy Allen,
Joseph M. Smith and Kelli Ward, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
## NO. D-1-GN-05-002429, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Luis Lagaite, Jr., an inmate appearing pro se, appeals an order dismissing his suit against Brad Livingston, David Doughty, Keith Clendennen, Tracy Allen, Joseph M. Smith, and Kelli Ward, individual employees of the Texas Department of Criminal Justice (collectively, the "TDCJ employees"). Lagaite originally filed a petition for writ of mandamus in Travis County, alleging that he had been retaliated against by the TDCJ employees for reporting official misconduct. In his petition, Lagaiste requested that the trial court order the TDCJ employees to (1) comply with "all codes of ethics and policy and directives," (2) reinstate Lagaite to his former position as a breakfast cook, and (3) cease all further retaliation. The TDCJ employees filed a motion to dismiss under chapter 14 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West 2002). After conducting a hearing, the trial court granted the motion to dismiss. We affirm the trial court's order of dismissal.

## BACKGROUND

Lagaite, an inmate in the TDCJ's institutional division, claimed in his petition that he was fired from his position as a breakfast cook in retaliation for complaints he made against an employee of TDCJ's food-service department. Lagaite then filed a motion to strike certain defendants, some of whom were never actually served, stating that he wished to focus on his claims that he had been unlawfully placed in solitary confinement and subjected to cruel and unusual punishment. These claims were not raised in his original petition for writ of mandamus.

The TDCJ employees filed a motion to dismiss under chapter 14 of the civil practice and remedies code, which provides that a suit filed by an inmate may be dismissed if the court finds that the claim is frivolous or malicious. *See id.* § 14.003(a)(2). After a hearing, the trial court issued an order dismissing Lagaite's suit for failure to comply with section 14.004 of the civil practice and remedies code. Section 14.004 requires an inmate-plaintiff to file a declaration setting out specific information regarding lawsuits that he has filed in the past. *See id.* § 14.004. If the inmate fails to comply with section 14.004, "the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous." *Obadele v. Johnson*, 60 S.W.3d 345, 348 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

Lagaite appeals from the order of dismissal, arguing that the trial court erred by (1) refusing to grant his motion to strike certain defendants, (2) not reaching the merits of his claim, and (3) failing to view the evidence surrounding his allegations "in the light favor[able] to him."

## DISCUSSION

Chapter 14 of the civil practice and remedies code applies special procedural rules to inmates who have filed declarations of inability to pay costs in civil causes of action, other than

those brought under the family code. *See id.* § 14.002. Section 14.003 authorizes a trial court to dismiss an inmate's claim if the court determines, among other things, that the claim is frivolous. *Id.* § 14.003(a)(2). "The legislature enacted this statute to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates; these suits consume many valuable judicial resources with little offsetting benefits." *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2001, pet. denied).

We review a dismissal pursuant to chapter 14 under an abuse-of-discretion standard. *Presiado v. Sheffield*, 230 S.W.3d 272, 274 (Tex. App.—Beaumont 2007, no pet.). A trial court has broad discretion to dismiss an inmate's suit as frivolous "because: (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants." *Retzlaff v. Texas Dep't of Crim. Justice*, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

Section 14.004 of the civil practice and remedies code requires an inmate to file an affidavit or declaration identifying any previous suits, other than suits under the family code, in which he has appeared as a pro se plaintiff. Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a)(1). This declaration enables the trial court to determine whether an indigent inmate's suit is frivolous or malicious. *See Amir-Sharif v. Mason*, 243 S.W.3d 854, 856-57 (Tex. App.—Dallas 2008, no pet.). The declaration must describe each of the previous suits by:

3

(A) stating the operative facts for which relief was sought;

(B) listing the case name, cause number and the court in which the suit was brought;

(C) identifying each party named in the suit; and

(D) stating the results of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a)(2). Furthermore, if a previous suit was dismissed as frivolous or malicious, the declaration must also state the date of the final order affirming the dismissal. *Id.* § 14.004(b). If an inmate fails to comply with the requirements imposed by section 14.004, the trial court does not abuse its discretion in dismissing the suit as frivolous. *See Williams v. Texas Dep't of Crim. Justice*, 176 S.W.3d 590, 594 (Tex. App.—Tyler 2005, pet. denied).

In his first issue on appeal, Lagaite argues that the trial court erred in refusing to grant his motion to strike certain defendants. Under section 14.003(a), a trial court may dismiss a claim as frivolous either before or after service of process. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a). Because we conclude, as discussed below, that the trial court did not abuse its discretion in dismissing Lagaite's suit as frivolous, the trial court had no obligation to rule on Lagaite's pending motion. *See Garrett v. Nunn*, No. 07-06-0428-CV, 2007 Tex. App. LEXIS 8674, at *8-9 (Tex. App.—Amarillo 2007, no pet.) (mem. op.) ("[B]ecause we have found that the trial court's dismissal of Garrett's complaint was not an abuse of discretion, its failure to consider Garrett's motions was also not an abuse of discretion . . . ."); *Nabelek v. District Attorney of Harris County*, No. 14-03-00965-CV, 2005 Tex. App. LEXIS 7389, at *23-24 (Tex. App.—Houston [14th Dist.]

4

2005, pet. denied) (mem. op.) (trial court had no obligation to rule on pending motions where suit was properly dismissed as frivolous). Lagaite's first issue is overruled.

Lagaite argues, in his second issue on appeal, that the trial court erred in failing to reach the merits of his claim. As previously discussed, a suit brought by an indigent inmate is subject to dismissal for failure to file an affidavit or declaration describing previous lawsuits. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.004. According to the TDCJ employees' motion to dismiss, "Plaintiff has wholly failed to provide the court with such an affidavit." Our review of the record confirms that no such affidavit or declaration appears in the record before us.

In filing his brief on appeal, Lagaite also filed an "appendix," containing numerous documents that do not appear in the record, including two documents marked "Unsworn Declaration in Support of Previous Lawsuits Pursuant to Chapter 14.004(a)(b)(c)." As an appellate court, we are unable to look outside the trial court's record to determine relevant facts. *See Quorum Int'l v. Tarrant Appraisal Dist.*, 114 S.W.3d 568, 572 (Tex. App.—Fort Worth 2003, pet. denied). However, even if such documents could properly be considered on appeal, they fail to comply with section 14.004 because they do not include the operative facts for which relief was sought or a list of the parties named in each of the cases. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a)(2); *see also Williams*, 176 S.W.3d at 593 (holding that dismissal was proper where inmate listed previous suits but failed to include operative facts because "the trial court was unable to consider whether Williams's current claim was substantially similar to his previous claims"); *White v. State*, 37 S.W.3d 562, 564 (Tex. App.—Beaumont 2001, no pet.) (holding that omission of operative facts was sufficient for dismissal, despite all other information being included). We also observe that the documents included in Lagaite's "appendix" do not contain a file stamp from the trial court clerk,

and the trial court's docket sheet does not reflect that any document entitled "Unsworn Declaration in Support of Previous Lawsuits Pursuant to Chapter 14.004(a)(b)(c)" was ever filed.

In light of Lagaite's apparent failure to comply with section 14.004, we hold that the trial court did not abuse its discretion in granting the motion to dismiss. Lagaite's second issue is overruled.

In his third issue on appeal, Lagaite contends that the trial court erred in refusing to view the evidence "in the light favor[able] to him" because, according to Lagaite, the trial court did not consider evidence that he had exhausted his administrative remedies before filing suit. The TDCJ employees' motion to dismiss cited failure to exhaust administrative remedies as a ground for dismissal of Lagaite's suit under section 14.005. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.005 (requiring inmate to file affidavit verifying that he has exhausted remedies within TDCJ grievance system). The TDCJ employees' motion also urged, however, that Lagaite's claim was subject to dismissal for failure to file a declaration of previous lawsuits under section 14.004, and it was on this basis that the trial court granted the motion to dismiss. As a result, regardless of how, or in what light, the trial court considered evidence that Lagaite exhausted his administrative remedies, the trial court did not err because any such evidence was ultimately irrelevant to the dismissal of the case for failure to comply with section 14.004. Lagaite's third issue is overruled.

In his reply brief on appeal, Lagaite raises a new issue, arguing that the trial court erred by refusing to stay the suit for 180 days pursuant to civil practice and remedies code section 14.005(c). *See id.* § 14.005(c) (requiring trial court to stay proceeding for up to 180 days if claim is filed before completion of administrative grievance procedure). An appellant may not raise

6

a new point of error for the first time in a reply brief. *See Howell v. Texas Workers' Comp. Comm'n*, 143 S.W.3d 416, 439 (Tex. App.—Austin 2004, pet. denied); *see also* Tex. R. App. P. 38.3. As a result, Lagaite has waived this issue.

## CONCLUSION

Because we have determined that the trial court did not abuse its discretion in granting the TDCJ employees' motion to dismiss under chapter 14 of the civil practice and remedies code, we affirm the trial court's order of dismissal.

_____

Diane M. Henson, Justice

Before Chief Justice Law, Justices Puryear and Henson

Affirmed

Filed: August 27, 2008

7