# NO. 12-08-00337-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| | § | |
| *IN RE:* | § | *ORIGINAL PROCEEDING* |
| *VINCE ALLEN LYNCH* | | |
| | § | |

---

### *MEMORANDUM OPINION*

In this original proceeding, Vince Allen Lynch complains that the respondent trial court dismissed his lawsuit against the "114th Judicial District Court of Smith County, Texas."[1] He seeks a writ of mandamus ordering the trial court to vacate its dismissal order and enter an order compelling production of all relevant documents. We deny the petition.

Mandamus is an extraordinary remedy and was intended to be available "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). For Lynch to be entitled to relief by mandamus, he must meet two requirements. First, he must show that the trial court clearly abused its discretion. *See id.* Second, he must show that he lacks an adequate remedy at law, such as an ordinary appeal. *See id.*

Chapter 14 of the Texas Civil Practice and Remedies Code applies to a suit brought by an inmate who files an affidavit or unsworn declaration of inability to pay costs. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (Vernon 2008). Section 14.003 provides that a court may dismiss such a claim, either before or after service of process, if the court finds that

---

[1] The respondent is the Honorable Kerry S. Russell, Judge of the 7th Judicial District Court, Smith County, Texas.

(1)     the allegation of poverty in the affidavit or unsworn declaration is false;

(2)     the claim is frivolous or malicious; or

(3)     the inmate filed an affidavit or unsworn declaration required by [Chapter 14] that the inmate knew was false.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (Vernon 2002).  An order dismissing a lawsuit governed by Chapter 14 is an appealable order.  *See **Williams v. Tex. Dep't of Criminal Justice***, 176 S.W.3d 590, 592 (Tex. App.—Tyler 2005, pet. denied).

In this case, the trial court implicitly found that Chapter 14 applied to Lynch's lawsuit. Consequently, the dismissal order is appealable.  *See id.*  Because the dismissal order is appealable, Lynch cannot establish the second requirement for mandamus—the unavailability of an adequate remedy at law.  Therefore, Lynch cannot show that he is entitled to mandamus relief.  Accordingly, his petition for writ of mandamus is ***denied.***


    **JAMES T. WORTHEN**
**Chief Justice**


Opinion delivered September 3, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)


2