# NO. 12-08-00379-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WAYNE ERNEST BARKER,*<br>*APPELLANT* | § | *APPEAL FROM THE SECOND* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *ADAN RODRIGUEZ AND*<br>*STEPHANIE A. HART,*<br>*APPELLEES* | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Wayne Ernest Barker, an inmate in the Texas Department of Criminal Justice ("TDCJ"), proceeding pro se, appeals the dismissal of his *in forma pauperis* suit against Adan Rodriguez and Stephanie A. Hart. In one issue, Barker argues that the trial court improperly dismissed his suit pursuant to Texas Civil Practice and Remedies Code, section 14.003. We modify and, as modified, affirm.

### BACKGROUND

Barker is an inmate. While incarcerated, Barker filed a civil suit against Rodriguez and Hart (collectively "Appellees"). In his lawsuit, Barker alleged that Appellees violated the Texas Theft Liability Act by taking his forty-two postage stamps from his living area during a "shake down" while he was not present. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134.003(a) (Vernon 2005). Barker further averred that Rodriguez was liable to him for wrongfully pursuing a disciplinary violation against him in retaliation for grievances he filed against Rodriguez related to the

aforementioned confiscation of his stamps. Barker sought actual and punitive damages from Appellees. Appellees answered the suit and, subsequently, filed a motion to dismiss Barker's suit.[1]

On September 10, 2008, without conducting a hearing, the trial court dismissed Barker's suit with prejudice "as frivolous." This appeal followed.

### DISMISSAL PURSUANT TO TEXAS CIVIL PRACTICE AND REMEDIES CODE CHAPTER 14

In his sole issue, Barker argues that the trial court's dismissal was improper.[2] We review the trial court's dismissal of an *in forma pauperis* suit under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). We will affirm a dismissal if it was proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990); *Birdo v. Ament*, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied).

The trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants. *See Williams v. Tex. Dep't of Criminal Justice–Institutional Div.*, 176 S.W.3d 590, 593 (Tex. App–Tyler 2005, pet. denied); *Montana v. Patterson*, 894 S.W.2d 812, 814–15 (Tex. App.–Tyler 1994, no writ).

Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs.[3] TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (Vernon 2002); *Williams*, 176 S.W.3d at 593; *Hickson*, 926 S.W.2d at 398. Section 14.003 provides that a trial court may dismiss a claim before or after service of process if the court finds that the claim is frivolous or malicious. *See* TEX. CIV.

---

1       Appellees also filed a plea to the jurisdiction. However, the trial court's order dismissing Barker's suit states that it is dismissed "as frivolous" without reference to jurisdiction.

2       We have construed Barker's issues liberally in the interest of justice.

3       Chapter 14 does not apply to suits brought under the Texas Family Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(b) (Vernon 2002).

2

PRAC. & REM. CODE ANN. § 14.003(a)(2) (Vernon 2002). In determining whether a claim is frivolous or malicious, a trial court may consider whether the claim is substantially similar to a previous claim filed by the inmate because the claim arises out of the "same operative facts." *Id.* at § 14.003(b)(4). To enable a trial court to determine whether the suit is substantially similar to a previous one, an inmate is required to file a separate affidavit or unsworn declaration describing all other suits the inmate has brought and stating the "operative facts" upon which relief was sought. *Id.* at § 14.004(a)(2)(A). The declaration must be (1) in writing and (2) subscribed by the person making the declaration as true under penalty of perjury. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.002 (Vernon 2005).

In the case at hand, Barker wholly failed to file a document satisfying the mandate of section 14.004(a). The burden to provide such information rests on the pro se litigant. *See, e.g., Clark v. J.W. Estelle Unit,* 23 S.W.3d 420, 422 (Tex. App.–Houston [1st Dist.] 2000, pet. denied) (refusing to hold that a trial court must sift through numerous documents in order to find the information required by section 14.004). Therefore, because Barker did not comply with the mandatory requirements of section 14.004(a), the trial court could have properly assumed Barker had previously filed substantially similar suits and that his suit was, therefore, frivolous. *See Hall v. Treon*, 39 S.W.3d 722, 724 (Tex. App.–Beaumont 2001, no pet.). Accordingly, we hold that the trial court did not abuse its discretion when it dismissed Barker's suit. *Id.* Barker's sole issue is overruled.

### DISMISSAL WITH PREJUDICE

Even though the trial court's dismissal did not amount to an abuse of discretion, because the dismissal was "with prejudice," it constitutes an adjudication on the merits and operates as if the case had been fully tried and decided. *See Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999). Thus, orders dismissing cases with prejudice have full res judicata and collateral estoppel effect, barring subsequent relitigation of the same causes of action or issues between the same parties. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630–31 (Tex. 1992). On the other hand, a dismissal for failure to comply with the conditions in section 14.004 is not a dismissal on the merits, but rather an exercise of the trial court's discretion under chapter 14 of the Texas Civil Practice and Remedies Code. *See Thomas v. Knight*, 52 S.W.3d 292, 295 (Tex.

3

App.–Corpus Christi 2001, no pet.); ***Hickman v. Adams,*** 35 S.W.3d 120, 124 (Tex. App.–Houston [14th Dist.] 2000, no pet.). Further, a dismissal with prejudice is improper if the plaintiff's failure can be remedied. *See **Hickman,*** 35 S.W.3d at 125.

The Corpus Christi Court of Appeals addressed this issue in ***Thomas v. Skinner,*** 54 S.W.3d 845 (Tex. App.–Corpus Christi 2001, pet. denied). Thomas's lawsuit was dismissed pursuant to chapter 14 because Thomas failed to include an affidavit or declaration describing each suit that he had previously filed. ***Id.*** at 846. Holding that the dismissal with prejudice was improper, the court stated as follows:

> When an appellate court reviews whether a trial court abused its discretion in dismissing an inmate's suit, it should consider whether the suit was dismissed with prejudice and if so, determine whether the inmate's error could be remedied through more specific pleading. (citation omitted). In the present case, we find that Thomas's failure to comply with chapter 14 could have been remedied through amendment. Therefore, we sustain Thomas's first issue.

***Id.*** at 847. In the case at hand, Barker's error, like Thomas's, could have been remedied through more specific pleading.[4] Therefore, we hold that the trial court's dismissal with prejudice was improper.

## DISPOSITION

The trial court's dismissal of Barker's suit with prejudice was improper. We ***modify*** the trial court's order of dismissal by deleting the words "with prejudice" and substituting in their place the words "without prejudice." Having overruled Barker's sole issue, we ***affirm*** the trial court's dismissal order as modified.

Opinion delivered September 30, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

### BRIAN T. HOYLE
Justice

(PUBLISH)

---

4      *See **Whatley v. State***, 946 S.W.2d 73, 77 n.6 (Tex. Crim. App. 1997) ("[A] court of appeals may, in its discretion, address errors not briefed before it….").