# NO. 12-09-00001-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARCUS TAYLOR,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 87TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *CO #4 MARLIH C. WRITE,*<br>*CO #1 JAMES D. THOMPSON,*<br>*CO #5 ARTHUR STACY,*<br>*WARDEN EDDIE D. BAKER,*<br>*V.L. BRISHER, AND AN UNNAMED*<br>*GRIEVANCE COORDINATOR,*<br>*APPELLEES* | *§* | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Marcus Taylor, an inmate in the Texas Department of Criminal Justice ("TDCJ"), proceeding pro se, appeals the dismissal of his *in forma pauperis* suit against CO #4 Marlih C. Write, CO #1 James D. Thompson, CO #5 Arthur Stacy, Warden Eddie D. Baker, V.L. Brisher, and an unnamed "Grievance Coordinator." In one issue, Taylor argues that the trial court improperly dismissed his suit pursuant to Texas Civil Practice and Remedies Code, section 14.003. We affirm.

### BACKGROUND

Taylor is an inmate. While incarcerated, Taylor filed a civil suit against Write, Thompson, Stacy, Baker, Brisher, and the unnamed grievance coordinator (collectively "Appellees"). In his lawsuit, Taylor alleged that Appellees are liable to him for the theft of his personal property that had a sentimental value of five hundred dollars. By his suit, Taylor sought recovery for "mental anguish, stress, pro se litigant fees, award in

attorney's fees, injunctive relief, preliminary injunctive relief, physical injuries, punitive damages, actual damages, actual injuries, etc., etc."

On December 11, 2008, without conducting a hearing, the trial court dismissed Taylor's suit "as frivolous." This appeal followed.

## DISMISSAL PURSUANT TO TEXAS CIVIL PRACTICE AND REMEDIES CODE CHAPTER 14

In his sole issue, Taylor argues that the trial court's dismissal was improper.[1] We review the trial court's dismissal of an *in forma pauperis* suit under an abuse of discretion standard. ***Hickson v. Moya***, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. ***Lentworth v. Trahan***, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). We will affirm a dismissal if it was proper under any legal theory. ***Johnson v. Lynaugh***, 796 S.W.2d 705, 706–07 (Tex. 1990); ***Birdo v. Ament***, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied). The trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants. *See* ***Williams v. Tex. Dep't of Criminal Justice–Institutional Div.***, 176 S.W.3d 590, 593 (Tex. App–Tyler 2005, pet. denied); ***Montana v. Patterson***, 894 S.W.2d 812, 814–15 (Tex. App.–Tyler 1994, no writ).

Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs.[2] TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (Vernon 2002); ***Williams***, 176 S.W.3d at 593; ***Hickson***, 926 S.W.2d at 398. Section 14.003 provides that a trial court may dismiss a claim before or after service of process if the court finds that the claim is frivolous or malicious. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2)

---

[1] We have construed Taylor's issues liberally in the interest of justice. *See* ***Walker v. Thornton***, 67 S.W.3d 475, 478 (Tex. App.–Texarkana 2002, no pet.).

[2] Chapter 14 does not apply to suits brought under the Texas Family Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(b) (Vernon 2002).

(Vernon 2002). In determining whether a claim is frivolous or malicious, a trial court may consider whether the claim is substantially similar to a previous claim filed by the inmate because the claim arises out of the "same operative facts." *Id.* § 14.003(b)(4). To enable a trial court to determine whether the suit is substantially similar to a previous one, an inmate is required to file a separate affidavit or unsworn declaration describing all other suits the inmate has brought and stating the "operative facts" upon which relief was sought. *Id.* at 14.004(a)(2)(A).

In the case at hand, Taylor wholly failed to file a document satisfying the mandate of section 14.004(a). The burden to provide such information rests on the pro se litigant. *See, e.g.,* **Clark v. J.W. Estelle Unit,** 23 S.W.3d 420, 422 (Tex. App.–Houston [1st Dist.] 2000, pet. denied) (refusing to hold that trial court must sift through numerous documents to find information required by section 14.004). Therefore, because Taylor did not comply with the mandatory requirements of section 14.004(a), the trial court could have properly assumed Taylor had previously filed substantially similar suits and that his suit was, therefore, frivolous. *See* **Hall v. Treon**, 39 S.W.3d 722, 724 (Tex. App.–Beaumont 2001, no pet.). Accordingly, we hold that the trial court did not abuse its discretion when it dismissed Taylor's suit. *Id.* Taylor's sole issue is overruled.

## DISPOSITION

Having overruled Taylor's sole issue, we ***affirm*** the trial court's order of dismissal.

                                               **JAMES T. WORTHEN**
                                                    Chief Justice

Opinion delivered January 29, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)