NO









NO. 12-09-00001-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

MARCUS TAYLOR,                                          '     APPEAL
FROM THE 87TH

APPELLANT

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

CO #4 MARLIH C. WRITE, 

CO #1 JAMES D. THOMPSON,

CO #5 ARTHUR STACY,                                  '     ANDERSON
COUNTY, TEXAS

WARDEN EDDIE D. BAKER,

V.L. BRISHER, AND AN
UNNAMED

GRIEVANCE COORDINATOR,

APPELLEES

 

 





                                                      MEMORANDUM
OPINION

Marcus
Taylor, an inmate in the Texas Department of Criminal Justice (ATDCJ@), proceeding pro se, appeals the
dismissal of his in forma pauperis suit against CO #4 Marlih C. Write,
CO #1 James D. Thompson, CO #5 Arthur Stacy, Warden Eddie D. Baker, V.L.
Brisher, and an unnamed “Grievance Coordinator.”  In one issue, Taylor argues
that the trial court improperly dismissed his suit pursuant to Texas Civil
Practice and Remedies Code, section 14.003.  We affirm.

 

Background

Taylor
is an inmate.  While incarcerated, Taylor filed a civil suit against Write,
Thompson, Stacy, Baker, Brisher, and the unnamed grievance coordinator
(collectively AAppellees@).  In his lawsuit, Taylor
alleged that Appellees are liable to him for the theft of his personal property
that had a sentimental value of five hundred dollars.  By his suit, Taylor
sought recovery for “mental anguish, stress, pro se litigant fees, award in
attorney’s fees, injunctive relief, preliminary injunctive relief, physical
injuries, punitive damages, actual damages, actual injuries, etc., etc.”  

On
December 11, 2008, without conducting a hearing, the trial court dismissed Taylor=s suit “as frivolous.”  This
appeal followed.

 

Dismissal Pursuant to Texas Civil Practice

and Remedies
Code Chapter 14

            In his sole issue, Taylor
argues that the trial court’s dismissal was improper.[1] 
We review the trial court’s dismissal of an in forma pauperis suit under
an abuse of discretion standard.  Hickson v. Moya, 926 S.W.2d
397, 398 (Tex. App.–Waco 1996, no writ).  A trial court abuses its discretion
if it acts arbitrarily, capriciously, and without reference to any guiding
rules or principles.  Lentworth v. Trahan, 981 S.W.2d 720, 722
(Tex. App.–Houston [1st Dist.] 1998, no pet.).  We will affirm a dismissal if
it was proper under any legal theory.  Johnson v. Lynaugh, 796
S.W.2d 705, 706–07 (Tex. 1990); Birdo v. Ament, 814 S.W.2d 808,
810 (Tex. App.–Waco 1991, writ denied).  The trial courts are given broad
discretion to determine whether a case should be dismissed because (1)
prisoners have a strong incentive to litigate; (2) the government bears the
cost of an in forma pauperis suit; (3) sanctions are not effective; and
(4) the dismissal of unmeritorious claims accrues to the benefit of state
officials, courts, and meritorious claimants.  See Williams v. Tex. Dep’t of Criminal Justice–Institutional Div., 176 S.W.3d 590,
593 (Tex. App–Tyler 2005, pet. denied); Montana v. Patterson, 894
S.W.2d 812, 814–15 (Tex. App.–Tyler 1994, no writ).

Chapter
14 of the Texas Civil Practice and Remedies Code controls suits brought by an
inmate in which the inmate has filed an affidavit or unsworn declaration of­­
inability to pay costs.[2]  Tex. Civ. Prac. & Rem. Code Ann. §
14.002(a) (Vernon 2002); Williams, 176 S.W.3d at 593; Hickson,
926 S.W.2d at 398.  Section 14.003 provides that a trial court may dismiss a
claim before or after service of process if the court finds that the claim is
frivolous or malicious.  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon 2002).  In
determining whether a claim is frivolous or malicious, a trial court may
consider whether the claim is substantially similar to a previous claim filed
by the inmate because the claim arises out of the Asame operative facts.@  Id. § 14.003(b)(4).  To
enable a trial court to determine whether the suit is substantially similar to
a previous one, an inmate is required to file a separate affidavit or unsworn
declaration describing all other suits the inmate has brought and stating the Aoperative facts@ upon which relief was
sought.  Id. at 14.004(a)(2)(A).  

In
the case at hand, Taylor wholly failed to file a document satisfying the
mandate of section 14.004(a).  The burden to provide such information rests on
the pro se litigant.  See, e.g., Clark v. J.W. Estelle Unit, 23
S.W.3d 420, 422 (Tex. App.–Houston [1st Dist.] 2000, pet. denied) (refusing to
hold that trial court must sift through numerous documents to find information
required by section 14.004).  Therefore, because Taylor did not comply with the
mandatory requirements of section 14.004(a), the trial court could have
properly assumed Taylor had previously filed substantially similar suits and
that his suit was, therefore, frivolous.  See Hall v. Treon, 39
S.W.3d 722, 724 (Tex. App.–Beaumont 2001, no pet.).  Accordingly, we hold that
the trial court did not abuse its discretion when it dismissed Taylor’s suit.  Id.  Taylor=s sole issue is
overruled.

 

Disposition

Having
overruled Taylor=s sole
issue, we affirm the trial court=s
order of dismissal.

                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

 

Opinion delivered January 29, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

(PUBLISH)

 









[1] We have construed Taylor=s issues liberally in the interest of justice.  See
Walker v. Thornton, 67 S.W.3d 475, 478 (Tex. App.–Texarkana 2002, no
pet.).





[2] Chapter 14 does not apply to suits brought under the
Texas Family Code.  Tex. Civ. Prac.
& Rem. Code Ann. § 14.002(b) (Vernon 2002).